1  Aram Ordubegian (SBN 185142)
   Andy S. Kong (SBN 243933)
2  Annie Y. Stoops (SBN 286325)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  Email:    aram.ordubegian@arentfox.com
             andy.kong@arentfox.com
6            annie.stoops@arentfox.com

7  Attorneys for Chapter 7 Trustee

8
                 **UNITED STATES BANKRUPTCY COURT**
9
           **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**
10

11 | In re: | Case No. 2:19-bk-12607-BR |
   |---|---|
12 | **VOIP GUARDIAN PARTNERS I, LLC,** | Chapter 7 |
13 | Debtor. | **MOTION TO APPROVE STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND RECEIVER FOR THE ESTATE OF DIRECT LENDING INCOME FUND LP FOR ALLOWANCE OF CLAIM AND PAYMENT OF THE ESTATE'S ADMINISTRATIVE FEES AND EXPENSES AND UNSECURED CLAIMS FROM SECURED COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TIMOTHY J. YOO AND ANDY S. KONG IN SUPPORT THEREOF** |

Hearing Date and Time:
Date:  October 22, 2019
Time  2:00 p.m.
Place: Courtroom 1668
        255 E. Temple St.
        Los Angeles, CA 90012

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Timothy Yoo, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") for the above-captioned debtor, VoIP Guardian Partners I, LLC (the "Debtor"), hereby moves (the "Motion") this Court for entry of an order approving the

*Stipulation Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP for Allowance of Claim and Payment of the Estate's Administrative Fees and Expenses and Unsecured Claims from Secured Collateral* (the "Stipulation").  A true and correct copy of the Stipulation is attached hereto as **Exhibit 1**.

The Motion is based upon 11 U.S.C. §§ 105 and 323(a); the annexed Memorandum of Points and Authorities and the Declarations of Timothy J. Yoo and Andy S. Kong; the Notice of the Motion which is served upon all interested parties pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure; all pleadings and records on file herein; all matters which are subject to judicial notice; and all other evidence which may be introduced at or prior to any hearing on this Motion.

**WHEREFORE**, the Trustee respectfully asks this Court to enter an order:

1.      Granting the Motion and Approving the Stipulation attached hereto as **Exhibit 1**;

2.      Authorizing the Trustee to execute any and all documents necessary to effectuate the Stipulation; and

3.      Granting such other and further relief as this Court deems just and appropriate.

Dated: September 23, 2019                    **ARENT FOX LLP**


By: */s/ Andy S. Kong*
    Andy S. Kong
    Attorneys for Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Trustee seeks approval of the Stipulation between the Estate and the Estate's only secured creditor, Direct Lending Income Fund LP ("DLI Fund"). Pursuant to the Stipulation, DLI Fund shall have an allowed secured claim of $203,459,871.69 but will provide payment of the Estate's administrative expenses and 30% of allowed unsecured claims from proceeds recovered on account of the Debtor's assets (i.e. DLI Fund's collateral).

The Stipulation is appropriate under the circumstances. The Trustee has reviewed the loan and security documents to verify the amount of DLI Fund's claim and confirm that DLI Fund's security interest was properly created and perfected against the Debtor's assets. With the Debtor's assets fully encumbered by DLI Fund's secured claim, the Trustee sought to find a way for the Estate's unsecured creditors to receive a meaningful distribution and, in so doing, negotiated a favorable deal with DLI Fund that would allow the Estate to continue as well as initiate collection efforts on the Debtor's otherwise fully-encumbered assets for the benefit of the Estate's unsecured creditors.

On September 12, 2019, the Receiver of DLI Fund's estate obtained approval from the United States District Court in the SEC Action (defined below) to enter into the Stipulation. With this motion, the Trustee respectfully requests this Court to also approve the Stipulation.

### II.

### STATEMENT OF FACTS

**A.    Background**

The Debtor was in the business of financing telecommunication receivables, whereby the Debtor purchased from tier 3 telecommunication providers their accounts receivables (i.e. outstanding invoices) from tier 1 providers. The Debtor entered into financing (aka factoring) arrangements with as many as eight (8) tier 3 telecommunications providers, which were often located overseas in Europe.

On March 11, 2019, the Debtor filed a petition for chapter 7 relief. Timothy Yoo was

appointed the chapter 7 trustee.  In its Schedule D, the Debtor disclosed that DLI Fund was the Estate's only creditor with a secured claim against the Debtor's assets – the telecommunication receivables.[1]  On July 26, 2019, DLI Fund filed a proof of claim, claim no. 4-1, for the secured amount of $203,459,872.69.

**B.**    **DLI Fund**

DLI Fund is one of two "feeder" funds that puts all its investment capital into a "master" fund, DLI Capital, Inc., which in turn is advised by the SEC-registered investment advisor Direct Lending Investments, LLC.

DLI Fund provided the Debtor with a credit facility that the Debtor used to purchase the telecommunication receivables.  In turn, DLI Fund's loans were collateralized by the Debtor's receivable accounts.

On March 22, 2019, the SEC filed an action against Direct Lending Investments, LLC in the United States District Court, Central District of California (Case No. 2:19-cv-2188-DSF-MRV) for, among others, alleged violations of the federal securities law (the "SEC Action").  In connection with the SEC action, Bradley D. Sharp was appointed as the permanent receiver (the "Receiver") over the estate of DLI Fund, its "master" fund DLI Capital, Inc., and the investment advisor Direct Lending Investments, LLC, among others.

The Trustee determined that the Estate and DLI Fund have a common interest in prosecuting and/or collecting on the Debtor's account receivables and all other assets for the benefit of the Estate's creditors.  To that end, the Trustee and the Receiver entered into a *Common Interest and Confidentiality Agreement*, whereby the parties agreed to exchange and share relevant data, information, documents, and other materials under the protections of the common interest privilege to, among other things, help the Trustee administer the Estate and to investigate and liquidate the Estate's assets for the benefit of DLI Fund as well as unsecured creditors.

The Trustee also verified the amount and validity of DLI Fund's secured claim.  The Trustee conducted a search for all UCC filings related to the Debtor.  The search results confirmed that DLI Fund is the only creditor with a secured claim against the Estate's assets.[2]

---

[1] A true and correct copy of the Debtor's Schedule D is attached hereto as **Exhibit 2**.
[2] A true and correct copy of the UCC filings search results is attached hereto as **Exhibit 3**.

1  The Trustee reviewed the underlying loan documents to confirm that DLI Fund's claim amounted

2  to $203,459,871.69 and analyzed the security documents to make sure that DLI Fund's security

3  interest was properly created, attached, and perfected against the Debtor's assets in accordance

4  with Uniform Commercial Code.

5  **C.**    **Stipulation Between the Estate and DLI Fund**

6      The Stipulation provides that DLI Fund shall have an allowed secured claim in the amount

7  of $203,459,871.69 plus any interest that is allowable under applicable law, against the Estate.

8      The Stipulation also provides that the Estate shall pay its administrative expenses,

9  including all reasonable fees and costs incurred by the Estate's professionals and approved by this

10  Court, and thirty percent (30%) of allowed claims of unsecured creditors from the proceeds

11  recovered on account of the Debtor's assets.  In essence, the Stipulation effectuates a type of

12  reverse waterfall – whereby with DLI Fund's consent the unsecured creditors will get paid 30%

13  of their allowed claims before DLI Fund receives payment on its secured claim.  Naturally,

14  unsecured creditors now stand to substantially benefit from the administration of the Estate by

15  having an ability to receive a distribution.  Lastly, the Stipulation makes clear that DLI Fund

16  reserves its rights to object to any proof of claim filed against the Estate and oppose any

17  application for allowance and/or payment of fees filed by a professional of the Estate.

18      Pursuant to the terms of the Stipulation, the Receiver obtained approval to enter into the

19  Stipulation from the District Court in the SEC Action.[3]  Likewise, with this Motion, the Trustee

20  seeks the Court's approval of the Stipulation with DLI Fund.

21                                    **III.**

22                                **DISCUSSION**

23  **A.**    **Legal Standard**

24      Under § 704(a)(1), a chapter 7 trustee has the duty to "collect and reduce to money the

25  property of the estate for which such trustee serves . . . ."  To fulfill this duty, the trustee's

26  "primary job is to marshal and sell the assets, so that those assets can be distributed to the estate's

27  creditors."  *U.S. Tr. v. Joseph (In re Joseph)*, 208 B.R. 55, 60 (9th Cir. BAP 1997).  There is a

28

---

[3] A true and correct copy of the District Court's order approving the Stipulation is attached hereto as **Exhibit 4**.

1   general rule, however, that a trustee should not administer a fully encumbered assets because

2   doing so does not benefit the estate's unsecured creditors. *In re Scimeca Found., Inc.*, 497 B.R.

3   753, 781 (Bankr. E.D. Pa. 2013).

4        At times, chapter 7 trustees may determine that the administration of a fully encumbered

5   asset is in the best interest of the estate where the secured creditor has agreed to a "carve-out,"

6   whereby the secured creditor agrees to allow some portion of its collateral proceeds to be paid to

7   others.  While there is no per se rule against the administration of a fully encumbered assets with

8   a "carve-out" agreement, there is a rebuttable presumption of impropriety. *In re KVN Corp., Inc.,*

9   514 B.R. 1, 6-8 (9th Cir. BAP 2014); *Official Unsecured Creditors Comm. v. Stern (In re SPM*

10  *Mfg. Corp.)*, 984 F.2d 1305, 1313 (1st Cir. 1992) ("[C]reditors are generally free to do whatever

11  they wish with the bankruptcy dividends they receive, including to share them with other

12  creditors.").   This presumption of impropriety may be rebutted by a combination of: (1) the

13  trustee performance of basic duties; (2) full disclosure of the terms to the bankruptcy court; and

14  (3) benefit to the estate, typically measured by "meaningful" distribution to unsecured claims. *In*

15  *re Scoggins*, 517 B.R. 206, 222 (Bankr. E.D. Cal. 2014) (citing *KVN Corp*, 514 B.R. at 8.).

16  **B.**      **The Court Should Grant the Motion Because the Stipulation Is Appropriate and in**

17  **the Best Interest of the Estate.**

18       Here, the circumstances are such as to overcome the presumption of impropriety.  First,

19  the Trustee has fulfilled his basic duties.  Prior to agreeing to the terms of the Stipulation, the

20  Trustee conducted an independent investigation on the validity of DLI Fund's claim against the

21  Estate.  The Trustee ran a search for any and all UCC filings related to the Debtor and in so

22  doing, confirmed that DLI Fund is the only creditor with a security interest in the Debtor's assets.

23  The Trustee also confirmed that the UCC's requirements for the creation and attachment of DLI

24  Fund's security interest had been satisfied and that DLI Fund's security interest was properly

25  perfected.  *See* U.C.C. § 9-203(b).  The Stipulation also allows the Trustee to further fulfill his

26  duties by providing him and his professionals with the pathway to administer the Debtor's assets

27  for the benefit of both the Estate's secured and unsecured creditors.

28       Second, with this Motion, the Trustee has fully disclosed the terms of the Stipulation and

1    seeks the Court's approval of the Stipulation.  The Receiver has received the same approval from

2    the District Court in the SEC Action.

3          Third, without the agreement with DLI Fund and based upon the available assets in this

4    Estate, there is no avenue for the Estate's unsecured creditors to receive any distribution

5    whatsoever – let alone the 30% provided for under the Stipulation.  The Estate's assets are fully

6    encumbered by DLI Fund's $203,459,871.69 secured claim.  Moreover, by the Debtor's own

7    assessment, a sizeable number of the telecommunication receivables have been characterized as

8    of "doubtful collectability."[4]  Accordingly, the Stipulation benefits the Estate in that it provides

9    for a meaningful distribution of 30% to allowed unsecured claims, and as such, the Court should

10   approve the Stipulation.

11                                         **IV.**

12                                   **<u>CONCLUSION</u>**

13         **WHEREFORE**, based on the foregoing, the Trustee respectfully requests that this Court

14   enter an order (i) granting the Motion and approving the Stipulation attached hereto as **Exhibit 1**;

15   (ii) authorizing the Trustee to execute any and all documents necessary to effectuate the

16   Stipulation; and (iii) granting such other and further relief as this Court deems just and

17   appropriate.

18

19   Dated: September 23, 2019                **ARENT FOX LLP**

20

21                                       By: */s/ Andy S. Kong*
                                             _____
22                                           Andy S. Kong
                                             Attorneys for Chapter 7 Trustee
23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[4] *See* Page 12 of the Debtor's bankruptcy schedules attached hereto as **Exhibit 2**.

AFDOCS/20837079.1

## DECLARATION OF TIMOTHY J. YOO

I, Timothy J. Yoo, declare as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the above-captioned chapter 7 bankruptcy estate of VoIP Guardian Partners I, LLC and am over 18 years of age.  I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto.

2.      I make this declaration in support of the annexed Motion.  All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

3.      Based upon the circumstances, I believe that it is in the best interest of the estate to enter into the Stipulation.

4.      Prior to agreeing to the terms of the Stipulation, my counsel and I conducted an independent investigation on the validity of DLI Fund's claim against the Estate.  My counsel ran a search for any and all UCC filings related to the Debtor and in so doing, confirmed that DLI Fund is the only creditor with a security interest in the Debtor's assets.  My counsel also confirmed that the UCC's requirements for the creation and attachment of DLI Fund's security interest had been satisfied and that DLI Fund's security interest was properly perfected.  The Stipulation also allows me to further fulfill my duties by providing me and my professionals with the pathway to administer the Debtor's assets for the benefit of both the Estate's secured and unsecured creditors.

5.      Moreover, the Receiver has also received approval from the District Court in the SEC Action to enter into the Stipulation.  Indeed, without the agreement with DLI Fund and based upon the available assets in this Estate, there is no avenue for the Estate's unsecured creditors to receive any distribution whatsoever – let alone the 30% provided for under the Stipulation.  The Estate's assets are fully encumbered by DLI Fund's $203,459,871.69 secured claim.  Moreover, by the Debtor's own assessment, a sizeable number of the telecommunication receivables have been characterized as of "doubtful collectability."  Accordingly, the Stipulation benefits the Estate in that it provides for a meaningful distribution to allowed unsecured claims.

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3        Executed this 6 day of September, 2019, at Los Angeles, California.

4

5                                                    Timothy J. Yoo

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## DECLARATION OF ANDY S. KONG

2

I, Andy S. Kong, declare as follows:

3

1.      I am over 18 years of age and am licensed to practice law in all courts in

4

California.  I am a partner at the law firm of Arent Fox LLP, general bankruptcy counsel for the

5

chapter 7 trustee, Timothy Yoo ("Trustee").  If called as a witness, I could and would

6

competently testify with respect to the matters set forth in this declaration from my own personal

7

knowledge.

8

2.      I make this declaration in support of the foregoing *Motion to Approve Stipulation*

9

*Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP for*

10

*Allowance of Claim and Payment of the Estate's Administrative Fees and Expenses and*

11

*Unsecured Claims from Secured Collateral* (the "Motion").  All capitalized terms used herein

12

shall have the meaning ascribed to them in the Motion unless otherwise defined.

13

3.      A true and correct copy of the Stipulation that is the subject of this Motion is

14

attached hereto as **Exhibit 1**.

15

4.      In its Schedule D, the Debtor disclosed that DLI Fund was the Estate's only

16

creditor with a secured claim against the Debtor's assets – the telecommunication receivables.  A

17

true and correct copy of the Debtor's bankruptcy schedules filed on March 11, 2019 [Dkt. No. 11]

18

is attached hereto as **Exhibit 2**.

19

5.      On behalf of the Trustee, I, along with others at my firm, caused to be conducted a

20

search for all UCC filings related to the Debtor.  The search results confirmed that DLI Fund is

21

the only creditor with a secured claim against the Estate's assets.  A true and correct copy of the

22

UCC filings search results is attached hereto as **Exhibit 3**.

23

6.      On behalf of the Trustee, I also reviewed the underlying loan documents to

24

confirm that DLI Fund's claim amounted to $203,459,871.69.

25

7.      At my direction, my associate Annie Y. Stoops analyzed the security documents

26

and confirmed that the UCC's requirements for the creation and attachment of DLI Fund's

27

security interest had been satisfied and that DLI Fund's security interest was properly perfected.

28

8.      Our findings regarding the amount and validity of DLI Fund's secured claim was communicated to the Trustee and the Trustee conducted his own analysis.

9.      With the assistance of his counsel, the Trustee determined that the Estate and DLI Fund have a common interest in prosecuting and/or collecting on the Debtor's account receivables and all other assets for the benefit of the Estate's creditors.  To that end, the Trustee and the Receiver entered into a *Common Interest and Confidentiality Agreement*, whereby the parties agreed to exchange and share relevant data, information, documents, and other materials under the protections of the common interest privilege to, among other things, help the Trustee administer the Estate and to investigate and liquidate the Estate's assets for the benefit of DLI Fund as well as unsecured creditors.

10.      Pursuant to the terms of the Stipulation, the Receiver obtained approval to enter into the Stipulation from the District Court in the SEC Action.  A true and correct copy of the District Court's order approving the Stipulation is attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of September, 2019, at Los Angeles, California.


                                    */s/ Andy S. Kong*
                                    Andy S. Kong

EXHIBIT 1

1   Aram Ordubegian (SBN 185142)
    Andy S. Kong (SBN 243933)
2   Annie Y. Stoops (SBN 286325)
    **ARENT FOX LLP**
3   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
4   Telephone:    213.629.7400
    Facsimile:     213.629.7401
5   Email:        aram.ordubegian@arentfox.com
                  andy.kong@arentfox.com
6                 annie.stoops@arentfox.com

7   Attorneys for Chapter 7 Trustee

8                      **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10

11  In re:                                    Case No. 2:19-bk-12607-BR

12  **VOIP GUARDIAN PARTNERS I, LLC,**        Chapter 7

13                    Debtor.                 **STIPULATION BETWEEN CHAPTER 7
                                              TRUSTEE AND RECEIVER FOR THE
14                                            ESTATE OF DIRECT LENDING INCOME
                                              FUND LP FOR ALLOWANCE OF CLAIM
15                                            AND PAYMENT OF THE ESTATE'S
                                              ADMINISTRATIVE FEES AND
16                                            EXPENSES AND UNSECURED CLAIMS
                                              FROM SECURED COLLATERAL
17

18

19

20

21

22          TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY

23  JUDGE; AND ALL INTERESTED PARTIES:

24          This Stipulation is entered into by and between Timothy J. Yoo, the chapter 7 trustee (the

25  "Trustee") of the estate (the "Estate") of the above-captioned debtor (the "Debtor") on the one

26  hand, and Bradley D. Sharp, the permanent receiver for the estate of Direct Lending Income Fund

27  LP ("DLI Fund" and together with the Trustee, collectively referred to as the "Parties"), on the

28  other hand, with reference to the following facts:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

12

**RECITALS**

1.     The Debtor was, at one time, a privately held specialty finance company which provided trade finance and factoring services to wholesale telecom carriers.

2.     DLI Fund is one of two "feeder" funds that puts all investment capital into a "master" fund, DLI Capital, Inc., which in turn is advised by the SEC registered investment advisor Direct Lending Investments, LLC.

3.     On March 11, 2019, the Debtor filed the above-captioned chapter 7 case in the United States Bankruptcy Court, Central District of California (Bankr. Case No. 2:19-bk-12607-BR).

4.     On March 22, 2019, the Securities and Exchange Commission (the "SEC") initiated an action in the United States District Court, Central District of California against Direct Lending Investments, LLC for alleged violations of the federal securities laws, among other reasons (Case No. 2:19-cv-2188).

5.     In connection with the SEC action, Bradley D. Sharp was appointed as the permanent receiver over the estate of Direct Lending Investments, LLC, DLI Fund, Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities.

6.     According to the Debtor's bankruptcy schedules, DLI Fund is listed as a secured creditor with a UCC-1 lien on the Debtor's "Wholesale Telecom Accounts Receivable" (the "Collateral") in the approximate amount of $194,039,608.35. DLI Fund filed a proof of claim, claim no. 4-1, for the secured amount of $203,459,871.69. After review and analysis of DLI Fund's proof of claim and other pertinent documents, the Parties agree that DLI Fund will have an allowed (and not subject to objection) secured claim in the amount of $203,459,871.69 plus interest thereon if allowable under applicable law, against the Estate.

7.     DLI Fund and the Trustee have a common interest in prosecuting and/or collecting on the Debtor's account receivables and any and all other assets (collectively, the "Claims") for the benefit of all of the Estate's creditors, including for the benefit of DLI Fund and unsecured creditors. In furtherance thereof, the Parties entered into that certain *Common Interest and*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1   *Confidentiality Agreement*, dated June 10, 2019, for the purpose of exchanging and sharing

2   relevant data, information, documents, and other materials under the protections of the common

3   interest privilege to, among other things, help the Trustee administer the Estate and to investigate

4   and liquidate assets of the Estate for the benefit of unsecured creditors and DLI Fund.

5          8.      It being agreed between the Parties that participation by the Trustee and his

6   professionals are necessary to investigate, prosecute and liquidate such Claims for the benefit of

7   all of the creditors of the Estate, DLI Fund consents to payment of the Estate's administrative fees

8   and expenses, after their allowance by order of this Court, and thirty percent (30%) of allowed

9   claims of unsecured creditors from the Collateral of DLI Fund.

10         **NOW, THEREFORE,** based upon the foregoing Recitals, the receipt and sufficiency of

11  which are hereby acknowledged by the Parties, the Parties hereby agree and stipulate through

12  their attorneys of record as follows:

13         A.      The Estate shall pay its administrative expenses and thirty percent (30%) of

14  allowed claims of unsecured creditors from the proceeds of DLI Fund's Collateral, including

15  without limitation to, any and all reasonable fees and costs incurred by the Estate's professionals

16  in the amount to be allowed by order of this Court.

17         B.      DLI Fund reserves its right to review and, if applicable, oppose any interim or

18  final request for allowance and/or payment of such fees and costs; and DLI Fund further reserves

19  its right to review and, if necessary, object to any proof of claim filed against the Estate.

20         C.      DLI Fund shall have an allowed (and not subject to objection) secured claim in the

21  amount of $203,459,871.69 plus interest thereon if allowable under applicable law, against the

22  Estate.

23

24

25                          [signatures on following page]

26

27

28

Arent Fox LLP
Attorneys At Law
Los Angeles

- 3 -

14

1    Dated: August ___, 2019

2

3    By: _____
     TIMOTHY J. YOO
4    Chapter 7 Trustee of the Estate of VOIP Guardian
     Partners I, LLC

5

6    Dated: August ___ 2019

7

8    By: _____
     BRADLEY D. SHARP
9    Permanent Receiver of the Estate of Direct Lending
     Investments, LLC, Direct Lending Income Fund,
10   L.P., Direct Lending Income Feeder Fund, Ltd.,
     DLI Capital, Inc., DLI Lending Agent, LLC, and
11   DLI Assets Bravo, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

# EXHIBIT 2

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____    Chapter   __7__

☐ Check if this an
amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **VoIP Guardian Partners I, LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business* as names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-5278405** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1221 Ocean Avenue**<br>**Unit 507**<br>**Santa Monica, CA 90401**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)   **www.voipguardian.com**

6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **VoIP Guardian Partners I, LLC**                                                    Case number (*if known*) _____
_____
Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **5222**

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ■ No. |
| | | ☐ Yes. |
| | If more than 2 cases, attach a separate list. | |

District _____  When _____  Case number _____

District _____  When _____  Case number _____

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No |
| | | ☐ Yes. |
| | List all cases. If more than 1, attach a separate list | |

Debtor _____  Relationship _____

District _____  When _____  Case number, if known _____

Official Form 201            **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                    page 2

17

Debtor    **VoIP Guardian Partners I, LLC**                                                    Case number (if known) _____
           Name

| | |
|---|---|
| **11.** **Why is the case filed in *this district*?** | *Check all that apply:*<br><br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>      What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>                                          Number, Street, City, State & ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.   Insurance agency _____<br>              Contact name _____<br>              Phone _____ |

**█ Statistical and administrative information**

| | |
|---|---|
| **13.** **Debtor's estimation of available funds** | .    *Check one:*<br><br>☐ Funds will be available for distribution to unsecured creditors.<br><br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| **14.** **Estimated number of creditors** | ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| | ☐ 200-999 | | |

| **15.** **Estimated Assets** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **16.** **Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

18

Debtor    **VoIP Guardian Partners I, LLC**                                Case number (if known) _____
             Name

█████ **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **March  11, 2019**
                    MM / DD / YYYY

X _____            Rodney A. Omanoff
Signature of authorized representative of debtor        Printed name

Title    **Director** _____

**18. Signature of attorney**

X **/s/ Hamid R. Rafatjoo** _____            Date  **March  11, 2019**
Signature of attorney for debtor                              MM / DD / YYYY

**Hamid R. Rafatjoo 181564** _____
Printed name

**Raines Feldman LLP** _____
Firm name

**1800 Avenue of the Stars**
**12th Floor**
**Los Angeles, CA 90067**
Number, Street, City, State & ZIP Code

Contact phone   **(310) 440-4100** _____   Email address   hrafatjoo@raineslaw.com _____

**181564 CA** _____
Bar number and State

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 4

CERTIFICATE BY SOLE MEMBER OF
VOIP GUARDIAN PARTNERS I, LLC
AUTHORIZING FILING OF PETITION UNDER
CHAPTER 7 OF THE BANKRUPTCY CODE

I, Rodney A. Omanoff, do certify as follows:

1.      The Sole Member of VoIP Guardian Partners I, LLC, a Delaware Limited Liability Company (the "Company"), is VoIP Guardian, LLC, a Delaware limited liability company (the "Sole Member").

2.      The sole manager of the Board of Managers (the "Board") of the Sole Member is Omanoff America, LLC (the "Manager").

3.      I am the sole manager of the board of managers of the Manager.

4.      On March 11, 2019, the following resolutions were duly enacted by the Board, and the same remain in full force and effect, without modification, as of the date set forth below:

RESOLVED, that a Petition under the provisions of Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") shall be filed by the Company with the United States Bankruptcy Court, Central District of California (the "Bankruptcy Court"), on March 11, 2019 or such other date as is determined to be optimal for the Company by Rodney A. Omanoff, the current manager of the Manager of the Sole Member of the Company (the "Petition Date");

FURTHER RESOLVED, that Rodney A. Omanoff is hereby appointed the "Authorized Signatory" of the Company and hereby authorized and directed on behalf of and in the name of the Company to execute a Chapter 7 bankruptcy petition and all related documents and papers on behalf of the Company in order to enable the Company to commence a Chapter 7 bankruptcy case on the Petition Date;

FURTHER RESOLVED, that Rodney A. Omanoff is authorized and directed on behalf of and in the name of the Company is authorized and directed to appear in all bankruptcy proceedings on behalf of the Company and to otherwise do and perform all acts and deeds, and to review, execute and file and to cause bankruptcy counsel to the Company to prepare with the assistance of the Company as appropriate all petitions, schedules, lists, papers, documents, reports, motions, applications and other pleadings in connection with the Company's bankruptcy case; and

20

FURTHER RESOLVED, that the Company hereby retains the law firm of Raines Feldman LLP as bankruptcy counsel fowr the Company.

Dated: March 11, 2019

VoIP Guardian Partners I, LLC,
a Delaware limited liability company

By:    VoIP Guardian, LLC,
a Delaware limited liability company,
its Sole Member

By:    Omanoff America, LLC,
a Delaware limited liability company,
its Manager

By:    _____
Rodney A. Omanoff, Manager

Fill in this information to identify the case:

Debtor name        **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
■   *Schedule H: Codebtors* (Official Form 206H)
■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   *Amended Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration      Supporting Schedules

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    March  11, 2019          X _____
                                           Signature of individual signing on behalf of debtor

                                           Rodney A. Omanoff
                                           Printed name

                                           Director
                                           Position or relationship to debtor

Official Form 202                   Declaration Under Penalty of Perjury for Non-Individual Debtors

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  Santa Monica _____ , California.

Date: _____March 11, 2019_____

_____
Rodney A. Omanoff
Signature of Debtor 1


_____
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                                           Page 1                    F 1015-2.1.STMT.RELATED.CASES

**Fill in this information to identify the case:**

Debtor name    **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                12/15

| Part 1: | **Summary of Assets** |
|---|---|

1.  **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................    $      **0.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*..............................................................................    $      **71,284,210.07**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................................    $      **71,284,210.07**

| Part 2: | **Summary of Liabilities** |
|---|---|

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................    $      **194,039,608.35**

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*....................................................    $      **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................................    +$      **157,745.94**

4.  **Total liabilities** ..........................................................................................................
    Lines 2 + 3a + 3b    $      **194,197,354.29**

**Fill in this information to identify the case:**

Debtor name **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

| 3.1. | **See Attached Schedule** | | | $1,738,590.89 |
| --- | --- | --- | --- | --- |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $1,738,590.89 |
| --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☑ Yes Fill in the information below.

11.    **Accounts receivable**

| 11a. 90 days old or less: | **11,499,756.37** | - | **10,893,207.16** | = .... | **$606,549.21** |
| --- | --- | --- | --- | --- | --- |
| | face amount | | doubtful or uncollectible accounts | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor    **VoIP Guardian Partners I, LLC**                                    Case number *(If known)*
          _____                             _____
          Name

| 11b. Over 90 days old: | 1,519,221.16 | - | 13,746.19 | =.... | $1,505,474.97 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

12.    **Total of Part 3.**                                                   | $2,112,024.18 |
       Current value on lines 11a + 11b = line 12. Copy the total to line 82. |---|

**Part 4:**    **Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:**    **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:**    **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**    **Real property**

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:**    **Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:**    **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
      Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.

Official Form 206A/B                     Schedule A/B Assets - Real and Personal Property                     page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor    **VoIP Guardian Partners I, LLC**_____    Case number *(If known)* _____
          Name

■ Yes Fill in the information below.

|  | | | **Current value of debtor's interest** |
|---|---|---|---|

**71.**   **Notes receivable**
Description (include name of obligor)

**See Attached Schedule**    192,117,647.00   -   159,171,714.00   =   **$32,945,933.00**
                                      Total face amount     doubtful or uncollectible amount

**72.**   **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

**73.**   **Interests in insurance policies or annuities**

**74.**   **Causes of action against third parties (whether or not a lawsuit has been filed)**

      **BT Group PLC, BT Netherlands NV**                               **$34,487,662.00**
      **Nature of claim**     **Tort**
      **Amount requested**     **$34,487,662.00**

**75.**   **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76.**   **Trusts, equitable or future interests in property**

**77.**   **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**78.**   **Total of Part 11.**                                           **$67,433,595.00**
Add lines 71 through 77. Copy the total to line 90.

**79.**   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Debtor     **VoIP Guardian Partners I, LLC**_____     Case number *(If known)* _____
          Name

| Part 12: | **Summary** |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $1,738,590.89 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $2,112,024.18 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.........................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $67,433,595.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $71,284,210.07 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $71,284,210.07 |

# ATTACHMENT FOR SCHEDULE A

Part 1: Cash and cash equivalents

3. Checking, savings, money market, or financial brokerage accounts (identify all)

| Name of institution (bank or brokerage) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| First Republic Bank | Checking - Collection | 6458 | $ 101,515.96 |
| First Republic Bank | Checking - Operating | 9399 | $ - |
| First Republic Bank | Checking - FX Collateral | 6466 | $ 446,839.93 |
| First Republic Bank | Foreign Exchange (EUR) - Collection | 1635 | $ - |
| First Republic Bank | Foreign Exchange (EUR) - Operating | 1808 | $ 1,190,235.00 |
| | | | $ 1,738,590.89 |





30

## VoIP GUARDIAN LLC
## A/R Aging Summary (Values in Home Currency)
### As of February 25, 2019

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Hilf Telecom. BV ▶ | 0.00 ◀ | 0.00 | 0.00 | 0.00 | 1,505,474.97 | 1,505,474.97 |
| Indigo11 Services, LLC | 0.00 | 1,500.00 | 1,500.00 | 0.00 | 0.00 | 3,000.00 |
| Interstach GmbH | 107,699.48 | 241,928.76 | 0.00 | 0.00 | 0.00 | 349,628.24 |
| Interstach GmbH (EUR) | 96,271.13 | 0.00 | 0.00 | 0.00 | 0.00 | 96,271.13 |
| Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 13,746.19 | 13,746.19 |
| Najd Technologies Lim... | 0.00 | 951,068.44 | 1,451,824.69 | 1,451,599.00 | 0.00 | 3,854,492.13 |
| Plus AMA Plus AG | 76,970.08 | 0.00 | 0.00 | 0.00 | 0.00 | 76,970.08 |
| Plus AMA Plus AG (EUR) | 83,679.76 | 0.00 | 0.00 | 0.00 | 0.00 | 83,679.76 |
| Telacme Limited | 0.00 | 1,728,193.71 | 2,653,251.56 | 2,654,269.76 | 0.00 | 7,035,715.03 |
| TOTAL | 364,620.45 | 2,922,690.91 | 4,106,576.25 | 4,105,868.76 | 1,519,221.16 | 13,018,977.53 |

31

**Part 11: All other assets**

**71. Notes Receivable**                                    **GL Account: Wire Transfers - Telecom Loan**

| Description (include name of obligor) | Total face amount | doubtful or uncollectible amount | Current Value of debtor's interest |
|---|---|---|---|
| Hilf Telecom BV | $ 20,551,685.41 | $ - | $ 20,551,685.41 |
| Interstach GmbH | $ 9,054,050.74 | $ - | $ 9,054,050.74 |
| LTD Tel | $ 2,128.74 | $ (2,128.74) | $ - |
| Najd Technologies Limited | $ 58,004,470.96 | $ (58,004,470.96) | $ - |
| Plus AMA Plus AG | $ 3,365,356.35 | $ - | $ 3,365,356.35 |
| Telacme Limited | $ 101,165,115.18 | $ (101,165,115.18) | $ - |
| Other | $ (25,159.36) | $ - | $ (25,159.36) |
| **Total** | **$ 192,117,648.02** | **$ (159,171,714.88)** | **$ 32,945,933.14** |

32

**VoIP Guardian Partners I, LLC.**
Wire Transfers - Telecom Loans - Reconciliation
As of 02/24/19

| Row Labels | 2/28/2018 | 3/31/2018 | 4/30/2018 | 5/31/2018 | 6/30/2018 | 7/31/2018 | 8/31/2018 | 9/30/2018 | 10/31/2018 | 11/30/2018 | 12/31/2018 | 1/31/2019 | Grand Total | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Arco Telecom, LTD | | | | | | | | | | | | | 0.00 | |
| Collection | | | | | | | | | | | | | (18,486,859.00) | |
| Loan | | | | | | | | | | | | | 18,323,343.46 | |
| Balance to Client | | | | | | | | | | | | | 163,515.54 | |
| Other | | | | | | | | | | | | | (0.00) | |
| BTB Systems, UG | | | | | | | | | | | | | (0.00) | |
| Collection | | | | | | | | | | | | | (778,245.63) | |
| Loan | | | | | | | | | | | | | 757,998.24 | |
| Balance to Client | | | | | | | | | | | | | 20,247.37 | |
| Other | | | | | | | | | | | | | 0.02 | |
| Hilf Telecom, BV | | | | | | | | | | | | | 20,551,685.41 | Reconciles as of 01/31/19. No Activity, customer funds held up pending investigation. |
| Collection | | | | | | | | | | | | | (37,890,833.57) | |
| Loan | | | | | | | | | | | | | 57,615,968.94 | |
| Balance to Client | | | | | | | | | | | | | 826,580.03 | |
| Other | | | | | | | | | | | | | (29.99) | |
| IKBS - i Karin Business Services, LTD | | | | | | | | | | | | | 0.00 | |
| Collection | | | | | | | | | | | | | (40,010,644.66) | |
| Loan | | | | | | | | | | | | | 39,602,940.88 | |
| Balance to Client | | | | | | | | | | | | | 407,703.78 | |
| Interstach, GmbH | | | | | | | | (0.00) | (0.00) | (25,915.23) | (50,492.70) | 4,890,633.01 | 2,370,956.57 | 7,185,181.65 | Reconciles as of 02/24/19. VoIP owes client $25.9K, including $3,706.19 from Sunnymax overpayment not to be applied yet, from October settlement and $50.4K from November settlement. Client owes VoIP $4.890M from December Loans balance and all of January loans (1-17th.) |
| Collection | | | | | | | | (800,442.30) | (2,338,266.69) | (2,294,477.30) | (7,592,633.06) | (455,716.78) | | (13,481,536.13) | |
| Loan | | | | | | | | 800,105.95 | 2,315,594.38 | 2,268,562.07 | 7,542,140.36 | 5,346,349.79 | 2,370,956.57 | 20,643,709.12 | |
| Balance to Client | | | | | | | | 336.35 | 22,672.31 | | | | | 23,008.66 | |
| Interstach, GmbH (EUR) | | | | | | | | (0.00) | (8,656.98) | (0.00) | (49,639.34) | 1,927,165.41 | | 1,868,869.09 | Reconciles as of 02/24/19. VoIP owes client $5,749.81 from October settlement and $2,907.17 (EUR 2,513.42 from October overpayment FBO of Sunnymax not to be applied yet) and $49,639.34 from December settlement. Client owes VoIP balance of January loans (1-17th) of $1.927M. |
| Collection | | | (102,686.55) | (1,827,680.77) | (1,632,757.28) | (1,714,569.81) | (1,157,050.38) | (779,199.86) | (723,277.26) | (4,824,622.92) | (54,357.42) | | (12,816,202.25) | |
| Loan | | | 102,357.02 | 1,820,935.73 | 1,632,161.28 | 1,706,301.69 | 1,145,403.30 | 770,949.70 | 724,331.38 | 4,775,040.86 | 1,981,522.83 | | 14,659,003.79 | |
| Balance to Client | | | 239.46 | 6,762.50 | 170.49 | 8,039.48 | 11,639.66 | | 7.42 | (406.82) | (1,054.12) | (57.28) | 23,008.66 | |
| Other | | | 90.07 | (17.46) | 425.51 | 228.64 | 7.42 | (406.82) | (1,054.12) | (57.28) | | | (784.04) | |
| LTD Tel, SL | 0.00 | 0.00 | (0.00) | (0.01) | 0.01 | 0.00 | (0.00) | 1,754.31 | 374.43 | | | | 2,123.76 | Reconciles as of 02/24/19. Client still owes VoIP balances from Sep and Oct settlements due to insufficient payment as a result of late fees. Collections efforts have been underway. |
| Collection | (224,479.27) | (234,669.94) | (292,014.64) | (228,716.12) | (236,165.62) | (260,881.05) | (224,664.44) | (220,829.13) | (71,188.72) | | | | (27,307,837.71) | |
| Loan | 232,752.13 | 231,348.06 | 292,440.69 | 226,189.41 | 234,413.01 | 258,979.09 | 222,534.45 | 222,583.44 | 71,563.15 | | | | 27,078,805.99 | |
| Balance to Client | 3,349.85 | 3,321.28 | - | 2,526.70 | 1,752.62 | 1,901.96 | 2,129.99 | - | | | | | 177,160.43 | |
| Other | (11,622.71) | | (426.05) | | | | | | | | | | 54,000.03 | |
| My Core-4-Wholesale, BV | | | | | | | | | | | | | (1,684,669.29) | |
| Collection | | | | | | | | | | | | | 1,603,333.78 | |
| Loan | | | | | | | | | | | | | 84,882.32 | |
| Balance to Client | | | | | | | | | | | | | (3,546.81) | |
| Najd Technologies, LTD | 0.00 | (0.00) | (0.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | (0.00) | 4,660,014.16 | 32,232,904.49 | 21,111,552.31 | 14,004,476.76 | Reconciles as of 02/24/19. Client owes VoIP balance from October. Client owes VoIP all of November and December loans (1-19 loans). Client in default, legal and asset recovery efforts underway. |
| Collection | (23,855,164.99) | (23,852,096.49) | (20,872,946.46) | (20,983,439.85) | (19,678,982.81) | (28,065,403.22) | (29,429,993.11) | (30,954,438.09) | (27,566,000.00) | | | | (516,092,797.72) | |
| Loan | 23,665,252.80 | 23,699,502.10 | 20,853,694.91 | 20,864,137.39 | 19,560,862.43 | 27,833,079.39 | 29,228,765.13 | 30,693,983.53 | 32,226,014.16 | 32,232,904.49 | 21,111,552.31 | | 568,406,205.57 | |
| Balance to Client | 189,912.19 | 152,594.39 | 19,251.55 | 119,302.46 | 118,120.38 | 232,323.83 | 201,227.98 | 260,454.56 | | | | | 5,529,820.37 | |
| Other | | | | | | | | - | | | | | 161,242.74 | |
| Omega Communications, GmbH | | | | | | | | | | | | | 0.00 | |
| Collection | | | | | | | | | | | | | (33,854,254.93) | |
| Loan | | | | | | | | | | | | | 33,556,691.04 | |
| Balance to Client | | | | | | | | | | | | | 299,183.48 | |
| Other | | | | | | | | | | | | | (1,619.59) | |
| Omega Communications, GmbH (EUR) | | | | | | | | | | | | | (0.00) | |
| Collection | | | | | | | | | | | | | (28,256,314.50) | |
| Loan | | | | | | | | | | | | | 27,958,547.94 | |
| Balance to Client | | | | | | | | | | | | | 300,908.55 | |
| Other | | | | | | | | | | | | | (3,141.99) | |
| Plus AMA Plus AG | | (0.00) | 0.00 | (0.00) | (0.00) | 0.00 | (0.01) | 0.01 | (17,471.52) | (2,167.01) | (17,729.37) | 1,688,081.45 | 1,650,713.55 | Reconciles as of 02/24/19. VoIP owes client $17.4K from October settlement, $2.1K from November Settlement, and $17.7K from December settlement. Client owes VoIP all of January loans (1-17th). |
| Collection | | (161,752.66) | (1,971,528.46) | (1,883,657.86) | (1,552,243.02) | (2,338,102.84) | (1,740,212.83) | (2,255,430.98) | (1,970,727.77) | (506,123.34) | (1,838,770.88) | | (16,218,550.64) | |
| Loan | | 160,662.22 | 1,958,848.09 | 1,867,645.36 | 1,537,350.50 | 2,315,431.75 | 1,725,293.13 | 2,255,430.99 | 1,953,256.25 | 503,956.33 | 1,821,041.51 | 1,688,081.45 | 17,786,997.58 | |
| Balance to Client | | 1,090.44 | 12,680.37 | 16,012.50 | 14,892.52 | 22,671.09 | 14,919.69 | | | | | | 82,266.61 | |
| Plus AMA Plus AG (EUR) | | | | | | | | | | (4,562.54) | 1,719,205.34 | | 1,714,642.80 | Reconciles as of 02/24/19. VoIP owes client $4,562.54 from December settlement. Client owes VoIP all of January loans (1-17th). |
| Collection | | | | | | | | | | (648,198.79) | | | (648,198.79) | |
| Loan | | | | | | | | | | 643,562.74 | 1,719,205.34 | | 2,362,768.08 | |
| Balance to Client | | | | | | | | | | - | - | | - | |

| Account | | | | | | | | | | | | | | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Other | | | | | | | | | | | | 73.51 | 73.51 | |
| **Reconciling Items** | | | | | | | | | | | | | - | |
| **Rudare Communications, SL** | (6.56) | 0.00 | 0.00 | (0.01) | 0.00 | (0.00) | (0.00) | (0.00) | (2,609.08) | | | | (2,615.64) | Reconciles as of 02/24/19. VoIP owes client $2,609.08 from October settlement. |
| Collection | (236,095.62) | (231,478.07) | (264,911.78) | (233,500.14) | (251,393.11) | (233,047.63) | (227,227.18) | (224,960.67) | (71,771.10) | | | | (25,409,463.34) | |
| Loan | 233,611.12 | 229,718.63 | 264,747.75 | 225,955.38 | 245,804.54 | 230,150.74 | 222,086.24 | 221,857.40 | 69,162.02 | | | | 25,153,911.80 | |
| Balance to Client | 2,477.94 | 1,759.44 | 164.00 | 7,544.75 | 5,588.57 | 2,896.89 | 5,140.94 | 3,103.27 | | | | | 178,469.55 | |
| Other | | | | | | | | | | | | | 74,466.35 | |
| **Rudare Communications, SL (Colt Tech)** | | | | | | | | | | | | | | |
| Collection | | | | | | | | | | | | | (246,101.79) | |
| Loan | | | | | | | | | | | | | 246,101.79 | |
| | | | | | | | | | | | | | (0.00) | |
| **Sunnymax Trading, GmbH** | 0.01 | (0.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (20,421.31) | | | | (20,421.80) | Reconciles as of 02/24/19. VoIP owes client $20.4K from October settlement. |
| Collection | (8,605,673.74) | (8,418,869.01) | (6,940,781.04) | (7,388,533.51) | (7,716,542.17) | (7,399,302.73) | (5,955,012.99) | (5,839,065.19) | (4,968,540.19) | | | | (96,745,732.37) | |
| Loan | 8,519,572.02 | 8,318,675.55 | 6,878,229.69 | 7,331,315.51 | 7,643,302.15 | 7,326,520.68 | 5,908,499.81 | 5,781,665.13 | 4,948,118.88 | | | | 95,830,425.45 | |
| Balance to Client | 86,101.73 | 100,193.46 | 62,551.35 | 57,218.00 | 73,240.02 | 72,782.05 | 46,513.18 | 57,400.06 | | | | | 894,885.12 | |
| Other | | | | | | | | | | | | | | |
| **Sunnymax Trading, GmbH (EUR)** | (0.00) | (0.00) | (0.00) | (0.00) | (0.00) | (0.00) | (0.00) | (0.00) | (2,121.92) | | | | (2,121.92) | Reconciles as of 02/24/19. VoIP owes client balance of $2,121.92 from October settlement. |
| Collection | (11,099,688.25) | (11,684,125.58) | (8,713,571.20) | (6,059,370.89) | (3,095,418.77) | (2,164,299.21) | (2,156,270.92) | (1,570,818.85) | (998,324.87) | | | | (83,577,458.72) | |
| Loan | 10,994,276.57 | 11,578,415.33 | 8,629,112.58 | 6,050,259.05 | 3,056,864.98 | 2,156,516.50 | 2,143,615.18 | 1,554,771.86 | 992,790.91 | | | | 82,655,460.12 | |
| Balance to Client | 102,263.54 | 106,566.04 | 84,343.83 | - | 38,907.61 | 7,247.23 | 12,357.04 | 16,054.03 | | | | | 814,104.93 | |
| Other | 3,148.14 | (855.79) | 114.79 | 9,111.84 | (353.82) | 535.48 | 298.70 | (7.04) | 3,412.04 | | | | 105,771.75 | |
| **Telacme, LTD** | | | | | | | | | 3,852,430.07 | 58,931,278.81 | 38,381,446.30 | | 101,165,115.18 | Reconciles as of 02/24/19. Client owes VoIP balance from October. Client owes VoIP all of November and December loans (1-19th). Client in default, legal and asset recovery efforts underway. |
| Collection | (41,566,142.02) | (43,709,008.58) | (43,805,741.60) | (43,924,988.09) | (44,966,674.69) | (51,417,020.10) | (54,027,458.41) | (56,645,548.09) | (55,099,600.00) | | | | (877,716,102.67) | |
| Loan | 41,129,659.93 | 43,190,247.36 | 43,386,812.98 | 43,602,438.36 | 44,546,444.55 | 50,877,767.27 | 53,427,724.73 | 56,118,320.49 | 58,952,030.07 | 58,931,278.81 | 38,381,446.30 | | 969,320,947.52 | |
| Balance to Client | 436,482.09 | 518,761.22 | 418,928.62 | 322,549.73 | 420,230.14 | 539,252.83 | 599,733.68 | 527,227.60 | | | | | 9,341,625.55 | |
| Other | | | | | | | | | | | | | 218,644.78 | |
| **Grand Total** | (6.55) | 0.00 | (0.00) | (0.02) | 0.01 | (0.00) | (0.01) | 1,754.32 | 8,435,622.62 | 91,111,523.59 | 64,311,700.37 | 7,705,408.77 | 192,117,648.02 | |

**Part 11: All other assets**

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

| | |
|---|---|
| Interest & Charges | $ 11,893,237.18 |
| Principal | $ 21,939,448.22 |
| Legal Fees | $      654,976.61 |
| **Total Claim as of 02/25/19** | **$ 34,487,662.01** |

**VoIP Guardian Partners I, LLC.**
Hilf-Telecom Summary of Interest Damages
as of 02/25/19

| Month | Interest Charges | VG Fees | Sum of Total Charges | Cumulative Charges | Principal Balance | Total Damages |
|---|---|---|---|---|---|---|
| 03/31/17 | $ 235,772.57 | $ 188,618.05 | $ 424,390.62 | $ 424,390.62 | $ 21,939,448.22 | $ 22,363,838.84 |
| 04/30/17 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 918,028.20 | $ 21,939,448.22 | $ 22,857,476.42 |
| 05/31/17 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 1,428,120.37 | $ 21,939,448.22 | $ 23,367,568.59 |
| 06/30/17 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 1,921,757.96 | $ 21,939,448.22 | $ 23,861,206.18 |
| 07/31/17 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 2,431,850.13 | $ 21,939,448.22 | $ 24,371,298.35 |
| 08/31/17 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 2,941,942.30 | $ 21,939,448.22 | $ 24,881,390.52 |
| 09/30/17 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 3,435,579.89 | $ 21,939,448.22 | $ 25,375,028.11 |
| 10/31/17 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 3,945,672.06 | $ 21,939,448.22 | $ 25,885,120.28 |
| 11/30/17 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 4,439,309.64 | $ 21,939,448.22 | $ 26,378,757.86 |
| 12/31/17 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 4,949,401.81 | $ 21,939,448.22 | $ 26,888,850.03 |
| 01/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 5,459,493.99 | $ 21,939,448.22 | $ 27,398,942.21 |
| 02/28/18 | $ 255,960.23 | $ 204,768.18 | $ 460,728.41 | $ 5,920,222.40 | $ 21,939,448.22 | $ 27,859,670.62 |
| 03/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 6,430,314.57 | $ 21,939,448.22 | $ 28,369,762.79 |
| 04/30/18 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 6,923,952.15 | $ 21,939,448.22 | $ 28,863,400.37 |
| 05/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 7,434,044.32 | $ 21,939,448.22 | $ 29,373,492.54 |
| 06/30/18 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 7,927,681.91 | $ 21,939,448.22 | $ 29,867,130.13 |
| 07/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 8,437,774.08 | $ 21,939,448.22 | $ 30,377,222.30 |
| 08/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 8,947,866.25 | $ 21,939,448.22 | $ 30,887,314.47 |
| 09/30/18 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 9,441,503.84 | $ 21,939,448.22 | $ 31,380,952.06 |
| 10/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 9,951,596.01 | $ 21,939,448.22 | $ 31,891,044.23 |
| 11/30/18 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 10,445,233.59 | $ 21,939,448.22 | $ 32,384,681.81 |
| 12/31/18 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 10,955,325.76 | $ 21,939,448.22 | $ 32,894,773.98 |
| 01/31/19 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 11,465,417.94 | $ 21,939,448.22 | $ 33,404,866.16 |
| 02/28/19 | $ 255,960.23 | $ 204,768.18 | $ 460,728.41 | $ 11,926,146.35 | $ 21,939,448.22 | $ 33,865,594.57 |
| 02/01/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,481,872.52 | $ 21,939,448.22 | $ 33,421,320.74 |
| 02/02/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,498,327.11 | $ 21,939,448.22 | $ 33,437,775.33 |
| 02/03/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,514,781.69 | $ 21,939,448.22 | $ 33,454,229.91 |
| 02/04/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,531,236.28 | $ 21,939,448.22 | $ 33,470,684.50 |
| 02/05/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,547,690.87 | $ 21,939,448.22 | $ 33,487,139.09 |
| 02/06/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,564,145.45 | $ 21,939,448.22 | $ 33,503,593.67 |
| 02/07/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,580,600.04 | $ 21,939,448.22 | $ 33,520,048.26 |
| 02/08/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,597,054.62 | $ 21,939,448.22 | $ 33,536,502.84 |
| 02/09/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,613,509.21 | $ 21,939,448.22 | $ 33,552,957.43 |
| 02/10/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,629,963.80 | $ 21,939,448.22 | $ 33,569,412.02 |
| 02/11/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,646,418.38 | $ 21,939,448.22 | $ 33,585,866.60 |
| 02/12/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,662,872.97 | $ 21,939,448.22 | $ 33,602,321.19 |
| 02/13/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,679,327.56 | $ 21,939,448.22 | $ 33,618,775.78 |
| 02/14/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,695,782.14 | $ 21,939,448.22 | $ 33,635,230.36 |
| 02/15/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,712,236.73 | $ 21,939,448.22 | $ 33,651,684.95 |
| 02/16/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,728,691.31 | $ 21,939,448.22 | $ 33,668,139.53 |
| 02/17/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,745,145.90 | $ 21,939,448.22 | $ 33,684,594.12 |
| 02/18/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,761,600.49 | $ 21,939,448.22 | $ 33,701,048.71 |
| 02/19/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,778,055.07 | $ 21,939,448.22 | $ 33,717,503.29 |
| 02/20/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,794,509.66 | $ 21,939,448.22 | $ 33,733,957.88 |
| 02/21/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,810,964.24 | $ 21,939,448.22 | $ 33,750,412.46 |
| 02/22/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,827,418.83 | $ 21,939,448.22 | $ 33,766,867.05 |
| 02/23/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,843,873.42 | $ 21,939,448.22 | $ 33,783,321.64 |
| 02/24/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,860,328.00 | $ 21,939,448.22 | $ 33,799,776.22 |
| 02/25/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,876,782.59 | $ 21,939,448.22 | $ 33,816,230.81 |
| 02/26/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,893,237.18 | $ 21,939,448.22 | $ 33,832,685.40 |
| 02/27/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,909,691.76 | $ 21,939,448.22 | $ 33,849,139.98 |
| 02/28/19 | $ 9,141.44 | $ 7,313.15 | $ 16,454.59 | $ 11,926,146.35 | $ 21,939,448.22 | $ 33,865,594.57 |
| 03/31/19 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 12,436,238.52 | $ 21,939,448.22 | $ 34,375,686.74 |
| 04/30/19 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 12,929,876.10 | $ 21,939,448.22 | $ 34,869,324.32 |
| 05/31/19 | $ 283,384.54 | $ 226,707.63 | $ 510,092.17 | $ 13,439,968.28 | $ 21,939,448.22 | $ 35,379,416.50 |
| 06/30/19 | $ 274,243.10 | $ 219,394.48 | $ 493,637.58 | $ 13,933,605.86 | $ 21,939,448.22 | $ 35,873,054.08 |
| **Grand Total** | $ 7,740,892.14 | $ 6,192,713.72 | $ 13,933,605.86 | $ 13,933,605.86 | $ 21,939,448.22 | $ 35,873,054.08 |

**VoIP Guardian Partners I, LLC.**
Hilf-Telecom/BT Summary of Legal Fees & Expenses
as of 02/25/19

| Vendor | Matter | Total |
|---|---|---|
| McCarter & English, LLP | Legal Fees & Expenses - USA (Civil) | $ 74,924.22 |
| Shinder Law Group | Legal Fees & Expenses - USA (Civil) | $ 1,920.00 |
| Private Investigator - Dennis M. Lormel | Legal Fees & Expenses - USA | $ 1,758.11 |
| Winston & Strawn, LLP | Legal Lees & Expenses - USA (Criminal) | $ 118,937.50 |
| Kennedy Van der Laan | Legal Lees & Expenses - NL (Civil) | $ 212,278.47 |
| Van Doorne | Legal Lees & Expenses - NL (Criminal) | $ 235,158.31 |
| Abrams Fensterman Fensterman | Legal Lees & Expenses - USA (Criminal) | $ 10,000.00 |
| | Total | $ 654,976.61 |

**Notes:**
**1) See referenced worksheets for additional vendor specific details.**

37

**Fill in this information to identify the case:**

Debtor name    **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an
  amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

| | | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|---|
| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | | | |
| **2.1** | **Direct Lending Income Fund LP**<br>Creditor's Name<br><br>**550 N. Brand Boulevard, 20th Floor**<br>**Glendale, CA 91203**<br>Creditor's mailing address<br><br>_____<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>**Dec. 2018 - Feb. 2019**<br>**Last 4 digits of account number** | Describe debtor's property that is subject to a lien<br>**Wholesale Telecom Accounts Receivable**<br>_____<br><br>Describe the lien<br>**UCC-1 Filings**<br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | **$194,039,608.35** | **$0.00** |
| | **Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

| | | Column A |
|---|---|---|
| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$194,039,608.35** |

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Christian T. Becker**<br>**Kasowitz Benson Torres LLP**<br>**1633 Broadway, 21st Floor**<br>**New York, NY 10019** | Line  **2.1** | |

# ATTACHMENT FOR SCHEDULE D

## Part 1: List Creditors Who Have Secured Claims

## 2.1. Creditors Name

Direct Lending Income Fund LP

550 North Brand Boulevard, 20th Floor

Glendale, CA 91203

Amount of Claim: $194,039,608.35

**VoIP Guardian Partners I, LLC**
**Loan Payable Reconciliation**
**As of 02/25/19**

| Row Labels | Jan-18 | Feb-18 | Mar-18 | Jul-18 | Aug-18 | Sep-18 | Oct-18 | Nov-18 | Dec-18 | Jan-19 | Feb-19 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Direct Lending Income Fund, LP** | **1,500,000.00** | **5,000,000.00** | **8,000,000.00** | **(350,000.00)** | **4,650,000.00** | **(350,000.00)** | **1,150,000.00** | **(350,000.00)** | **3,000,000.00** | **2,205,140.82** | **(10,812,516.61)** | **194,039,608.35** |
| Adjustment | | | | (100,000.00) | | | | | | | | 8,400,703.13 |
| Draw | 1,500,000.00 | 5,000,000.00 | 8,000,000.00 | | 5,000,000.00 | | 1,500,000.00 | | 3,000,000.00 | 2,205,140.82 | | 250,555,140.82 |
| Payment | | | | (250,000.00) | (350,000.00) | (350,000.00) | (350,000.00) | (350,000.00) | | | (10,812,516.61) | (64,916,235.60) |
| **Grand Total** | **1,500,000.00** | **5,000,000.00** | **8,000,000.00** | **(350,000.00)** | **4,650,000.00** | **(350,000.00)** | **1,150,000.00** | **(350,000.00)** | **3,000,000.00** | **2,205,140.82** | **(10,812,516.61)** | **194,039,608.35** |

**Fill in this information to identify the case:**

Debtor name      **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$0.00** |
|---|---|---|---|
|  | **Abrams Fensterman** | ☐ Contingent |  |
|  | **3 Dakota Drive, Suite 300** | ☐ Unliquidated |  |
|  | **New Hyde Park, NY 11042** | ☐ Disputed |  |
|  | **Date(s) debt was incurred** _ | **Basis for the claim:** _ |  |
|  | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |  |

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Unknown** |
|---|---|---|---|
|  | **Forefront Partners LLC** | ■ Contingent |  |
|  | **445 Park Avenue, 9th Floor** | ■ Unliquidated |  |
|  | **New York, NY 10022** | ■ Disputed |  |
|  | **Date(s) debt was incurred** _ | **Basis for the claim:**  Lawsuit |  |
|  | **Last 4 digits of account number** _ | Is the claim subject to offset? ☐ No ■ Yes |  |

| 3.3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$36,181.53** |
|---|---|---|---|
|  | **Kennedy Van Der Laan** | ☐ Contingent |  |
|  | **Moelnwerf 16** | ☐ Unliquidated |  |
|  | **Amsterdam 1014 BG** | ☐ Disputed |  |
|  | **THE NETHERLANDS** |  |  |
|  | **Date(s) debt was incurred** _ | **Basis for the claim:** _ |  |
|  | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |  |

| 3.4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **$114,448.67** |
|---|---|---|---|
|  | **McCarter & English LLP** | ☐ Contingent |  |
|  | **Worldwide Plaza** | ☐ Unliquidated |  |
|  | **825 Eighth Avenue, 31st Floor** | ☐ Disputed |  |
|  | **New York, NY 10019** |  |  |
|  | **Date(s) debt was incurred** _ | **Basis for the claim:** _ |  |
|  | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes |  |

| Debtor | **VoIP Guardian Partners I, LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$7,115.74** |
|---|---|---|---|
| | **Van Doorne NV** | ☐ Contingent | |
| | **Jachthavenweg 121** | ☐ Unliquidated | |
| | **1081 KM Amsterdam / PO Box 75265** | ☐ Disputed | |
| | **Amersterdam 1070 AG** | | |
| | **THE NETHERLANDS** | | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ | |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|
| | **VoIP Guardian, LLC** | ☐ Contingent | |
| | **405 East 56th Street - Suite 3G** | ☐ Unliquidated | |
| | **New York, NY 10022** | ☐ Disputed | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ | |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$0.00** |
|---|---|---|---|
| | **Winston & Strawn LLP** | ☐ Contingent | |
| | **200 Park Avenue** | ☐ Unliquidated | |
| | **New York, NY 10166-4193** | ☐ Disputed | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ | |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes | |

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | | Total of claim amounts |
|---|---|---|---|---|
| 5a. Total claims from Part 1 | | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | | 5b.  + | $ | 157,745.94 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | | 5c. | $ | 157,745.94 |

**Fill in this information to identify the case:**

Debtor name      **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal          Property*
(Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

Official Form 206G                    **Schedule G: Executory Contracts and Unexpired Leases**                    Page 1 of 1

**Fill in this information to identify the case:**

Debtor name    **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**                                                    *Column 2:* **Creditor**

| | Name | Mailing Address | | Name | Check all schedules that apply: |
|---|---|---|---|---|---|
| 2.1 | _____ | Street _____ City   State   Zip Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.2 | _____ | Street _____ City   State   Zip Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.3 | _____ | Street _____ City   State   Zip Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.4 | _____ | Street _____ City   State   Zip Code | | _____ | ☐ D ☐ E/F ☐ G |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **VoIP Guardian Partners I, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy
04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** From **1/01/2019** to **Filing Date** | ☐ Operating a business<br>■ Other **Operating Business** | **$8,595,593.00** |
| **For prior year:** From **1/01/2018** to **12/31/2018** | ☐ Operating a business<br>■ Other **Operating Business** | **$1,121,084,404.00** |
| **For year before that:** From **1/01/2017** to **12/31/2017** | ☐ Operating a business<br>■ Other **Operating Business** | **$766,603,554.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
| --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount

| Debtor | VoIP Guardian Partners I, LLC | Case number *(if known)* _____ |
|---|---|---|

may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5.  **Repossessions, foreclosures, and returns**
    List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
    List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**    **Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
    List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Forefront Partners, LLC v. VOIP Guardian Partners I, LLC et al. 650973 / 2017 | Contract and fiduciary duty. | New York Supreme Court | ■ Pending ☐ On appeal ☐ Concluded |

8.  **Assignments and receivership**
    List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:**    **Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**    **Certain Losses**

10.  **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **VoIP Guardian Partners I, LLC** _____    Case number _(if known)_ _____

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B _(Schedule A/B: Assets – Real and Personal Property)._ | | |

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Raines Feldman LLP 1800 Avenue of the Stars 12th Floor Los Angeles, CA 90067** | | **3/1/2019** | **$15,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? **VoIP Guardian, LLC** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **301 Arizona Avenue Suite 220 Santa Monica, CA 90401** | **8/1/2016 to 07/31/2018** |

Debtor    **VoIP Guardian Partners I, LLC**                         Case number *(if known)* _____

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.2. | **405 East 56th Street** **Apt. 3G** **New York, NY 10022** | **09/25/2015 to 07/31/2016** |

**Part 8:**    Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**    Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ☐ No.
    ■ Yes. State the nature of the information collected and retained.

    **Personal ID (Passports) & Data from Credit Application**

    Does the debtor have a privacy policy about that information?
    ☐ No
    ■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:**    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

Case 2:19-bk-12607-BR    Doc 1    Filed 03/11/19    Entered 03/11/19 16:36:25    Desc
Main Document    Page 35 of 44

| Debtor | VoIP Guardian Partners I, LLC | Case number *(if known)* | |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

---

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **5**

Debtor   **VoIP Guardian Partners I, LLC**                                Case number *(if known)* _____

| Business name address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |
| | | **Dates business existed** |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.  **Kenneth Delgado**<br>**14744 SE Crosswater Way**<br>**Clackamas, OR 97015** | **2/1/2018 to Present** |
| 26a.2.  **Gaines Goldenfarb & Associates, PC**<br>**1000 Woodbridge Center Drive**<br>**Suite 213**<br>**Woodbridge, NJ 07095** | **9/25/2015 to Present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  **Direct Lending Investment Fund, LP**<br>**550 N. Brand Boulevard**<br>**20th Floor**<br>**Glendale, CA 91203** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **VoIP Guardian LLC** | **1221 Ocean**<br>**Santa Monica, CA 90401** | **100% Owner** | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

Debtor    VoIP Guardian Partners I, LLC                                         Case number *(if known)* _____

☒ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| VoIP Guardian LLC | EIN:    47-5265851 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March  11, 2019**

_____            Rodney A. Omanoff
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **Director**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☒ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Central District of California

In re **VoIP Guardian Partners I, LLC** _____  Case No. _____

Debtor(s)   Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ............................................. $ _____**15,000.00**

    Prior to the filing of this statement I have received ........................... $ _____**15,000.00**

    Balance Due ................................................................................. $ _____**0.00**

2.  The source of the compensation paid to me was:

    ☐ Debtor   ■ Other (specify):   **VoIP Guardian, LLC**

3.  The source of compensation to be paid to me is:

    ■ Debtor   ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **March 11, 2019** | **/s/ Hamid R. Rafatjoo** |
| *Date* | **Hamid R. Rafatjoo 181564** |
| | *Signature of Attorney* |
| | **Raines Feldman LLP** |
| | **1800 Avenue of the Stars** |
| | **12th Floor** |
| | **Los Angeles, CA 90067** |
| | **(310) 440-4100   Fax: (310) 691-1367** |
| | **hrafatjoo@raineslaw.com** |
| | *Name of law firm* |

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Hamid R. Rafatjoo 181564<br>1800 Avenue of the Stars<br>12th Floor<br>Los Angeles, CA 90067<br>(310) 440-4100 Fax: (310) 691-1367<br>California State Bar Number: 181564 CA<br>hrafatjoo@raineslaw.com | |

☐  *Debtor(s) appearing without an attorney*

■  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>VoIP Guardian Partners I, LLC<br><br><br><br><br>Debtor(s). | CASE NO.:<br>CHAPTER: 7<br><br>VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS<br><br>[LBR 1007-1(a)] |
|---|---|

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __2__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: __March  11, 2019__

_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: __March  11, 2019__

/s/ Hamid R. Rafatjoo
_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015

**F 1007-1.MAILING.LIST.VERIFICATION**

54

```
VoIP Guardian Partners I, LLC
1221 Ocean Avenue
Unit 507
Santa Monica, CA 90401


Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars
12th Floor
Los Angeles, CA 90067


Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017


Abrams Fensterman
3 Dakota Drive, Suite 300
New Hyde Park, NY 11042


Bowles Liberman & Newman LLP
Attn: David K. Bowles
14 Wall Street, 20th Floor
New York, NY 10005


Christian T. Becker
Kasowitz Benson Torres LLP
1633 Broadway, 21st Floor
New York, NY 10019


Direct Lending Income Fund LP
550 N. Brand Boulevard, 20th Floor
Glendale, CA 91203


Forefront Partners LLC
445 Park Avenue, 9th Floor
New York, NY 10022
```

```
Kennedy Van Der Laan
Moelnwerf 16
Amsterdam 1014 BG
THE NETHERLANDS


McCarter & English LLP
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019


Van Doorne NV
Jachthavenweg 121
1081 KM Amsterdam / PO Box 75265
Amersterdam 1070 AG
THE NETHERLANDS


VoIP Guardian, LLC
405 East 56th Street - Suite 3G
New York, NY 10022


Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
```

| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Hamid R. Rafatjoo 181564**<br>**Raines Feldman LLP**<br>**1800 Avenue of the Stars**<br>**12th Floor**<br>**Los Angeles, CA 90067**<br>**(310) 440-4100 Fax: (310) 691-1367**<br>California State Bar Number: **181564 CA**<br>hrafatjoo@raineslaw.com | |

☑ *Attorney for: VoIP Guardian Partners I, LLC*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: | CASE NO.: |
|---|---|
| **VoIP Guardian Partners I, LLC** | ADVERSARY NO.: |
| Debtor(s), | CHAPTER:   7 |
| Plaintiff(s), | **CORPORATE OWNERSHIP STATEMENT PURSUANT TO  FRBP 1007(a)(1) and 7007.1, and LBR 1007-4** |
| Defendant(s). | [No hearing] |

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, __Rodney A. Omanoff_____ , the undersigned in the above-captioned case, hereby declare
  *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                          **F 1007-4.CORP.OWNERSHIP.STMT**

57

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.       I have personal knowledge of the matters set forth in this Statement because:
- [✓] I am the president or other officer or an authorized agent of the Debtor corporation
- [ ] I am a party to an adversary proceeding
- [ ] I am a party to a contested matter
- [ ] I am the attorney for the Debtor corporation

2.a.   [✓] The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
     See Addendum

b.   [ ] There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

_____
**March 11, 2019**
Date

By: _____
Signature of Debtor, or attorney for Debtor

Name:   **Rodney A. Omanoff**
_____
Printed name of Debtor, or attorney for
Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                      **F 1007-4.CORP.OWNERSHIP.STMT**

## Addendum to Corporate Ownership Statement Pursuant to
## F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

**The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:**

VoIP Guardian LLC (100%)
405 East 56th Street - Suite 3G
New York, NY 10022

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012

**F 1007-4.CORP.OWNERSHIP.STMT**

59

# EXHIBIT 3

(3 Records)

Potentially Adverse
UCC Filings Summary (7)
Full-Text Documents
UCC Filings (7)
Miscellaneous
Report Section(s) with no Matches (115)

## UCC Filings Summary (7 Records)

| | Debtor | Creditor | Filing Date | Filing Type | Filing Location | View Full-Text |
|---|---|---|---|---|---|---|
| 1. | RUDARE COMMUNICATIONS, SL | VOIP GUARDIAN PARTNERS I, LLC | 10/24/2018 | ORIGINAL | DC | Full-Text |
| 2. | SUNNYMAX TRADING GMBH | VOIP GUARDIAN PARTNERS I, LLC | 10/24/2018 | ORIGINAL | DC | Full-Text |
| 3. | LTD TEL CONSULTING, SL | VOIP GUARDIAN PARTNERS I, LLC | 10/24/2018 | ORIGINAL | DC | Full-Text |
| 4. | SUNNYMAX TRADING GMBH | VOIP GUARDIAN PARTNERS I, LLC | 10/24/2018 | ORIGINAL | DC | Full-Text |
| 5. | RUDARE COMMUNICATIONS, SL | VOIP GUARDIAN PARTNERS I, LLC | 10/24/2018 | ORIGINAL | DC | Full-Text |
| 6. | VOIP GUARDIAN PARTNERS I, LLC | MILLENNIUM TRUST COMPANY, LLC AS CUSTODIAN FBO DIRECT LENDING INCOME FUND, L.P.; MILLENNIUM TRUST COMPANY, LLC AS CUSTODIAN FBO DLI ASSETS BRAVO, LLC | 10/05/2016 | ASSIGNMENT | DE | Full-Text |
| 7. | VOIP GUARDIAN PARTNERS I, LLC | MILLENNIUM TRUST COMPANY, LLC, AS CUSTODIAN FBO DIRECT LENDING INCOME FUND, L.P. | 01/11/2016 | ORIGINAL | DE | Full-Text |

## UCC Filings (7 Records)

### Filing Information

| Filing Number: | 2018106663 | Full Filing Number: | 2018106663 |
|---|---|---|---|
| Filing Date: | 10/24/2018 | | |
| Filing Time: | 12:47PM | | |
| Filing Type: | ORIGINAL | | |
| | | Filing State: | DC |
| Filing Office: | FINANCE & REVENUE DEPT | Filing Office Location: | 400 7TH STREET WASHINGTON, DC 20001 |

### Debtor Information

| Debtor Name: | RUDARE COMMUNICATIONS, SL | Debtor Address: | CJ RSD DORADO CL, AS HIEDREA 3B, NV ANDALUCIA MALAGA |
|---|---|---|---|
| | | Debtor Country: | SPAIN |

### Secured Party or Creditor Information

| Secured Party Name: | VOIP GUARDIAN PARTNERS I, LLC | Secured Party Address: | 405 EAST 56TH STREET, SUITE 3G NEW YORK, NY 10022 |
|---|---|---|---|
| | | Secured Party Business DUNS: | 08-028-9384 |

### Filing Information

| Filing Number: | 2018106664 | Full Filing Number: | 2018106664 |
|---|---|---|---|
| Filing Date: | 10/24/2018 | | |
| Filing Time: | 12:47PM | | |
| Filing Type: | ORIGINAL | | |
| | | Filing State: | DC |
| Filing Office: | FINANCE & REVENUE DEPT | Filing Office Location: | 400 7TH STREET WASHINGTON, DC 20001 |

### Debtor Information

| Debtor Name: | SUNNYMAX TRADING GMBH | Debtor Address: | AM HAGELKREUZ 27 NEUSS |
|---|---|---|---|
| | | Debtor Country: | GERMANY |

### Secured Party or Creditor Information

| Secured Party Name: | VOIP GUARDIAN PARTNERS I, LLC | Secured Party Address: | 405 EAST 56TH STREET, SUITE 3G NEW YORK, NY 10022 |
|---|---|---|---|
| | | Secured Party Business DUNS: | 08-028-9384 |

### Filing Information

| Filing Number: | 2018106659 | Full Filing Number: | 2018106659 |
|---|---|---|---|
| Filing Date: | 10/24/2018 | | |
| Filing Time: | 12:47PM | | |
| Filing Type: | ORIGINAL | | |
| | | Filing State: | DC |
| Filing Office: | FINANCE & REVENUE DEPT | Filing Office Location: | 400 7TH STREET WASHINGTON, DC 20001 |

### Debtor Information

| Debtor Name: | LTD TEL CONSULTING, SL | Debtor Address: | AVENIDA RICARDO SORIANO, 72 - PORTAL B, PLAMTA LA, MARBELLA MALAGA |
|---|---|---|---|
| | | Debtor Country: | SPAIN |

Company Investigator Report                                                    7/30/2019 4:59:52 PM
VOIP GUARDIAN PARTNERS I, LLC                                                  Client ID: 90190400000

### Secured Party or Creditor Information

| Secured Party Name: | VOIP GUARDIAN PARTNERS I, LLC | Secured Party Address: | 405 EAST 56TH STREET, SUITE 3G<br>NEW YORK, NY 10022 |
|---|---|---|---|
| | | Secured Party Business DUNS: | 08-028-9384 |

### Filing Information

| Filing Number: | 2018106665 | Full Filing Number: | 2018106665 |
|---|---|---|---|
| Filing Date: | 10/24/2018 | | |
| Filing Time: | 12:47PM | | |
| Filing Type: | ORIGINAL | | |
| | | Filing State: | DC |
| Filing Office: | FINANCE & REVENUE DEPT | Filing Office Location: | 400 7TH STREET<br>WASHINGTON, DC 20001 |

### Debtor Information

| Debtor Name: | SUNNYMAX TRADING GMBH | Debtor Address: | AM HAGELKREUZ 27<br>NEUSS |
|---|---|---|---|
| | | Debtor Country: | GERMANY |

### Secured Party or Creditor Information

| Secured Party Name: | VOIP GUARDIAN PARTNERS I, LLC | Secured Party Address: | 405 EAST 56TH STREET, SUITE 3G<br>NEW YORK, NY 10022 |
|---|---|---|---|
| | | Secured Party Business DUNS: | 08-028-9384 |

### Filing Information

| Filing Number: | 2018106662 | Full Filing Number: | 2018106662 |
|---|---|---|---|
| Filing Date: | 10/24/2018 | | |
| Filing Time: | 12:47PM | | |
| Filing Type: | ORIGINAL | | |
| | | Filing State: | DC |
| Filing Office: | FINANCE & REVENUE DEPT | Filing Office Location: | 400 7TH STREET<br>WASHINGTON, DC 20001 |

### Debtor Information

| Debtor Name: | RUDARE COMMUNICATIONS, SL | Debtor Address: | CALLE CONDE DE PENAVER, 92-LA<br>MADRID |
|---|---|---|---|
| | | Debtor Country: | SPAIN |
| Debtor Name: | RUDARE COMMUNICATIONS, SL | Debtor Address: | CALLE GUILLERMO CARRERA RUBIO 12, PLANTA A<br>MALAGA |
| | | Debtor Country: | SPAIN |

### Secured Party or Creditor Information

| Secured Party Name: | VOIP GUARDIAN PARTNERS I, LLC | Secured Party Address: | 405 EAST 56TH STREET, SUITE 3G<br>NEW YORK, NY 10022 |
|---|---|---|---|
| | | Secured Party Business DUNS: | 08-028-9384 |

### Filing Information

| Filing Number: | 20166128951 | Full Filing Number: | 20166128951 |
|---|---|---|---|
| Filing Date: | 10/5/2016 | | |
| Filing Time: | 7:23PM | | |
| Filing Type: | ASSIGNMENT | | |
| Filing Date of Cross Reference Filing: | 01/11/2016 | Cross Reference Filing Number: | 2016 0197135 |
| | | Filing State: | DE |

| Filing Office: | SECRETARY OF STATE/UCC DIVISION | Filing Office Location: | FEDERAL & DUKE OF YORK STS DOVER, DE 19901 |
|---|---|---|---|

### Debtor Information

| Debtor Name: | VOIP GUARDIAN PARTNERS I, LLC | Debtor Address: | 405 EAST 56TH STREET, SUITE 3G NEW YORK, NY 10022 |
|---|---|---|---|

### Secured Party or Creditor Information

| Secured Party Name: | MILLENNIUM TRUST COMPANY, LLC AS CUSTODIAN FBO DIRECT LENDING INCOME FUND, L.P. | Secured Party Address: | 2001 SPRING ROAD, SUITE 700 OAK BROOK, IL 60523 |
|---|---|---|---|
| Secured Party Name: | MILLENNIUM TRUST COMPANY, LLC AS CUSTODIAN FBO DLI ASSETS BRAVO, LLC | Secured Party Address: | 2001 SPRING ROAD, SUITE OAK BROOK, IL 60523 |

### Filing Information

| Filing Number: | 20160197135 | Full Filing Number: | 2016 0197135 |
|---|---|---|---|
| Filing Date: | 1/11/2016 | | |
| Filing Time: | 3:24PM | | |
| Filing Type: | ORIGINAL | | |
| | | Filing State: | DE |
| Filing Office: | SECRETARY OF STATE/UCC DIVISION | Filing Office Location: | FEDERAL & DUKE OF YORK STS DOVER, DE 19901 |

### Debtor Information

| Debtor Name: | VOIP GUARDIAN PARTNERS I, LLC | Debtor Address: | 405 EAST 56TH STREET, SUITE 3G NEW YORK, NY 10022 |
|---|---|---|---|
| | | Debtor Business DUN: | 08-004-7417 |

### Secured Party or Creditor Information

| Secured Party Name: | MILLENNIUM TRUST COMPANY, LLC, AS CUSTODIAN FBO DIRECT LENDING INCOME FUND, L.P. | Secured Party Address: | 2001 SPRING ROAD, SUITE 700 OAK BROOK, IL 60523 |
|---|---|---|---|

## Report Section(s) with no Matches (115 Records)

FEIN Records Summary, Full Business Description (SEC Filings), Business Finder Records Summary, Phone Numbers, Business Profile Records Summary, D&B Worldbase Summary, D&B Market Identifier Records Summary, Corporate Filings Summary, Marijuana-Related Business Records Summary, D&B PCI Summary, Fictitious Business Names Summary, NPI Records Summary, News, Money Service Business Records Summary, Annual Reports, Businesses with Same Phone Number, Businesses with Same Address, People with Same Phone Number, People with Same Address, Associate Analytics Chart, Previous Officers & Directors, Executive Biographies Summary, Listing of Officers and Directors (SEC Filings), Executive Profile Records Summary, Beneficial and Management Ownership (SEC Filings), Current Officers & Directors, Professional Licenses Summary, Executive Affiliations Summary, Legal Advisors, Financial Advisors, Matters Related to Accountants and Financial Statements (SEC Filings), Real Property Tax Assessor Records Summary, Real Property Pre-Foreclosure Records Summary, Watercraft Summary, FAA Aircraft Registrations Summary, Real Property Transactions Summary, Bankruptcy or Receivership (SEC Filings), Bankruptcy Records Summary, Criminal Records Summary, Liens & Judgments Summary, Arrest Records Summary, Company Disclosed Risk Factors (SEC Filings), OFAC Infractions Summary, Healthcare Sanctions Summary, Global Sanctions Summary, Federal Case Law, Docket Records, Company Disclosed Legal Proceedings (SEC Filings), Lawsuit Records Summary, State Case Law, SEC Filings, Subsidiaries Disclosed in SEC Filings, SEC Insider Filings,

SEC Staff Review Letters, Quantitative and Qualitative Discussions About Market Risk (SEC Filings), Registrations & Prospectuses Transactions, Other Securities Filings, SEC No Action Letters, Controls and Procedures (SEC Filings), Material Modifications to Rights of Security Holders (SEC Filings), Unregistered Sales of Equity Securities (SEC Filings), SEDAR Filings, UK Listing Authority Filings, Notice of Delisting Failure to Satisfy Listing Rule or Transfer of Listing (SEC Filings), International Prospectuses & 144As, Mergers & Acquisitions Transactions, Business Organization Agreements, Intellectual Property Agreements, Mergers & Acquisitions Agreements, Private Equity Agreements, Relationships and Related Transactions (SEC Filings), Capital Market Agreements, Changes in Control of Registrant (SEC Filings), Corporate Finance Agreements, Entry or Termination of a Material Definitive Agreement (SEC Filings), Other Material Agreements, Stock Performance, Exchange Rates, Foreign Business Statistics, Growth Rates, Annual Financials, Fundamental Ratios, Supplementary Data, WORLDSCOPE Company Profile, WORLDSCOPE Executive Officers, Current Stock Price & Trading Data, Folder Content, Bankruptcy Records, Lawsuit Records, Liens & Judgments, Criminal Records, Real Property Transactions, Executive Biographies, Real Property Tax Assessor Records, FAA Aircraft Registrations, Real Property Pre-Foreclosure Records, Watercraft, Global Sanctions, Arrest Records, Healthcare Sanctions, Executive Affiliations, OFAC Infractions, Executive Profile Records, Business Profile Records, Business Finder Records, Professional Licenses, Marijuana-Related Business Records, Fictitious Business Names, FEIN Records, D&B PCI, D&B Worldbase, Money Service Business Records, D&B Market Identifier Records, Corporate Filings, NPI Records

EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

12  SECURITIES AND EXCHANGE
    COMMISSION,

13

14              Plaintiff,

15          v.

16  DIRECT LENDING INVESTMENTS
    LLC,

17

18              Defendant.

19

Case No. 2:19−cv−02188−DSF−MRW

**ORDER GRANTING MOTION OF
RECEIVER FOR ORDER (1)
APPROVING STIPULATION WITH
TRUSTEE OF VOIP GUARDIAN
PARTNERS I, LLC CONCERNING
ALLOWANCE OF SECURED CLAIM
AND PAYMENT OF
ADMINISTRATIVE EXPENSES AND
OTHER CLAIMS FROM
COLLATERAL; AND (2)
APPROVING FORM AND/OR
LIMITATION OF NOTICE UNDER
LOCAL CIVIL RULE 66-7**

20
21
22
23
24

25      Before the Court is the matter of the Motion for Order: (1) Approving

26  Stipulation with VoIP Guardian Partners I, LLC Concerning Allowance of Secured

27  Claim and Payment of Administrative Expenses and Other Claims from Collateral;

28  and (2) Approving Form and/or Limitation of Notice under Local Civil Rule 66-7

1

(the "Motion") filed by Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver").  No opposition to the motion was filed.  The Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for September 16, 2019 is removed from the Court's calendar.

IT IS ORDERED that:

1.    The Motion is granted, and the relief sought therein is granted;

2.    Without limiting the generality of the foregoing:

A.    The Stipulation Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP for Allowance of Claim and Payment of the Estate's Administrative Fees and Expenses and Unsecured Claims from Secured Collateral ("VoIP Stipulation"), a true and correct copy of which is attached as Exhibit 1 to the Declaration of Bradley D. Sharp filed in support of the Motion, is hereby approved;

B.    The Court hereby approves as sufficient the notice of the Motion provided by the Receiver by the Receiver (a) serving the Motion and related moving papers on all parties to the action and on the Chapter 7 Trustee of VoIP; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto ("Stretto") to provide by email a copy of the notice of hearing on the Motion to all known investors through email service to investors of Direct Lending Income Fund, L.P. ("Domestic Feeder Fund") and Direct Lending Income Feeder Fund, Ltd. ("Off Shore Feeder Fund").

IT IS SO ORDERED.

DATED:  September 12, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND RECEIVER FOR THE ESTATE OF DIRECT LENDING INCOME FUND LP FOR ALLOWANCE OF CLAIM AND PAYMENT OF THE ESTATE'S ADMINISTRATIVE FEES AND EXPENSES AND UNSECURED CLAIMS FROM SECURED COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TIMOTHY J. YOO AND ANDY S. KONG IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/23/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **09/23/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/23/2019 | YVONNE LI | /s/ Yvonne Li |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

AFDOCS/15608593.1

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

Andy Kong on behalf of Trustee Timothy Yoo (TR)
Kong.Andy@ArentFox.com

Douglas M Neistat on behalf of Interested Party Douglas Neistat
dneistat@gblawllp.com, mramos@gblawllp.com

Aram Ordubegian on behalf of Trustee Timothy Yoo (TR)
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Debtor VoIP Guardian Partners I, LLC
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Annie Y Stoops on behalf of Trustee Timothy Yoo (TR)
annie.stoops@arentfox.com, yvonne.li@arentfox.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Timothy Yoo (TR)
tjytrustee@lnbyb.com, tjy@trustesolutions.net

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/15608593.1