Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
Annie Y. Stoops (SBN 286325)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:   213.629.7400
Facsimile:   213.629.7401
Email:       aram.ordubegian@arentfox.com
             andy.kong@arentfox.com
             annie.stoops@arentfox.com

Attorneys for Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:19-bk-12607-BR |
| **VOIP GUARDIAN PARTNERS I, LLC,** | Chapter 7 |
| Debtor. | **MOTION TO APPROVE SECOND STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND RECEIVER FOR THE ESTATE OF DIRECT LENDING INCOME FUND LP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIMOTHY J. YOO IN SUPPORT THEREOF** |
| | *[No Hearing Necessary Unless Requested Pursuant to LBR 9013-1(o)]* |

    TO  THE  HONORABLE  BARRY  RUSSELL,  UNITED  STATES  BANKRUPTCY

JUDGE; AND ALL OTHER INTERESTED PARTIES:

    PLEASE TAKE NOTICE that Timothy Yoo, the chapter 7 trustee (the "Trustee") of the

bankruptcy estate (the "Bankruptcy Estate") for the above-captioned debtor, VoIP Guardian

Partners I, LLC (the "Debtor"), hereby moves (the "Motion") this Court for entry of an order

approving the *Second Stipulation Between Chapter 7 Trustee and Receiver for the Estate of*

1  *Direct Lending Income Fund LP* (the "Second Stipulation").  A true and correct copy of the

2  Stipulation is attached hereto as **Exhibit A**.

3      The Motion is based upon 11 U.S.C. §§ 105 and 323(a); the annexed Memorandum of

4  Points and Authorities and the Declaration of Timothy J. Yoo; the Notice of the Motion which is

5  served upon all interested parties pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy

6  Procedure; all pleadings and records on file herein; all matters which are subject to judicial

7  notice; and all other evidence which may be introduced at or prior to any hearing on this Motion.

8      **WHEREFORE**, the Trustee respectfully asks this Court to enter an order:

9      1.    Granting the Motion and approving the Second Stipulation attached hereto as

10  **Exhibit A**;

11      2.    Authorizing the Trustee to execute any and all documents necessary to effectuate

12  the Second Stipulation; and

13      3.    Granting such other and further relief as this Court deems just and appropriate.

14

15  Dated: September 29, 2020          **ARENT FOX LLP**

16

17                    By: */s/ Annie Y. Stoops*
                         _____
18                       Annie Y. Stoops
                         Attorneys for Chapter 7 Trustee
19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22908393.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      The Trustee seeks approval of the Second Stipulation between the Bankruptcy Estate and

5   its only secured creditor, Direct Lending Income Fund LP ("DLI Fund").  Pursuant to the Second

6   Stipulation, the Trustee agrees to withdraw the claim filed on behalf of the Bankruptcy Estate in

7   the Receivership Action (defined below) in exchange for the Receiver (defined below) agreeing

8   to (a) share any and all non-privileged information that the receivership estate has or will have

9   concerning the Debtor's factoring arrangements to assist with the Trustee's efforts to recover or

10  collect on the Debtor's assets, including accounts receivables, and (b) withdraw Claim No. 3-1

11  filed against the Bankruptcy Estate as a duplicate of the Receiver's allowed Claim No. 4-1.

12      The Second Stipulation benefits the Bankruptcy Estate by ensuring access to relevant

13  information that the Receiver may have or obtain that will assist the Trustee and his

14  professionals' efforts to recover on the Debtor's accounts receivables.  The Second Stipulation

15  also saves the Bankruptcy Estate from having to incur fees to seek disallowance of the Receiver's

16  Claim No. 3-1 as a duplicate claim.   For these reasons, the Trustee believes the Second

17  Stipulation is in the best interest of the Bankruptcy Estate and respectfully asks the Court to grant

18  this Motion.

19

## II.

20

## STATEMENT OF FACTS

21  **A.**   **Background**

22      The Debtor was in the business of financing (aka factoring) telecommunication

23  receivables, whereby the Debtor purchased from tier 3 telecommunication providers their

24  accounts receivables (i.e. outstanding invoices) from tier 1 providers.

25      On March 11, 2019, the Debtor filed a petition for chapter 7 relief.  Timothy Yoo was

26  appointed the chapter 7 trustee.  In its Schedule D, the Debtor disclosed that DLI Fund was the

27  Estate's only creditor with a secured claim against the Debtor's assets – the telecommunication

28  receivables.  On July 26, 2019, DLI Fund filed duplicate proofs of claim, identified as Claim No.

3-1 and Claim No. 4-1.  Both claims assert the same secured claim against the Bankruptcy Estate for the secured amount of $203,459,872.69.

**B.**    **DLI Fund**

DLI Fund provided the Debtor with a credit facility that the Debtor used to purchase the telecommunication receivables.[1]  In turn, DLI Fund's loans were collateralized by the Debtor's receivable accounts.

On March 22, 2019, the SEC filed an action against Direct Lending Investments, LLC in the United States District Court, Central District of California (Case No. 2:19-cv-2188-DSF-MRV) for, among others, alleged violations of the federal securities law (the "Receivership Action").  In connection with the SEC action, Bradley D. Sharp was appointed as the permanent receiver (the "Receiver") over the estate of DLI Fund, its "master" fund DLI Capital, Inc., and the investment advisor Direct Lending Investments, LLC, among others.

The Trustee determined that the Estate and DLI Fund have a common interest in prosecuting and/or collecting on the Debtor's account receivables and all other assets for the benefit of the Estate's creditors.

**C.**    **The First Stipulation Between the Trustee and Receiver**

On or about August 13, 2019, the Trustee and the Receiver entered into the *Stipulation Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP for Allowance of Claim and Payment of the Estate's Administrative Fees and Expenses and Unsecured Claims from Secured Collateral* (the "First Stipulation") which  provides, *inter alia*, that DLI Fund shall have an allowed secured claim, via its Claim No. 4-1, in the amount of $203,459,871.69 plus any interest that is allowable under applicable law, against the Bankruptcy Estate.  The First Stipulation also provides that the Bankruptcy Estate shall pay its administrative expenses, including all reasonable fees and costs incurred by the Bankruptcy Estate's professionals and approved by this Court, and thirty percent (30%) of allowed claims of unsecured creditors from DLI Fund's collateral (i.e. the Debtors' accounts receivable).

---

[1] DLI Fund is one of two "feeder" funds that puts all its investment capital into a "master" fund, DLI Capital, Inc., which in turn is advised by the SEC-registered investment advisor Direct Lending Investments, LLC.

Pursuant to the terms of the Second Stipulation, the Receiver obtained approval to enter into the Second Stipulation from the District Court in the Receivership Action.  Likewise, this Court approved the First Stipulation by order entered on October 28, 2019 [Dkt. No. 25].

**D.    The Bankruptcy Estate's Claim in the Receivership Action**

On July 6, 2020, the Trustee out of an abundance of caution filed a proof of claim in the Receivership Action that served to, *inter alia,* reserve the Bankruptcy Estate's right to assert a claim for payment against the receivership estate pending conclusion of the Trustee's investigation ("Reservation Claim").

After extended discussions between the Parties, the Trustee agrees to withdraw the Bankruptcy Estate's Reservation Claim filed in the Receivership Action in exchange for the following considerations: (a) the Receiver share any and all non-privileged information, documents, reports, analyses and findings that the Receivership Estate has or will have concerning the Debtor's factoring arrangements to assist the Bankruptcy Estate with its efforts to recover or collect the Debtor's assets, including accounts receivables, and (b) the Receiver's Claim No. 3-1 filed in this bankruptcy case is deemed withdrawn as a duplicated of the allowed Claim No. 4-1.

**III.**

**DISCUSSION**

**A.    Legal Standard**

Fed. R. Bankr. P. 9019(a) empowers a bankruptcy court to approve a settlement "if [it is] in the best interests of the estate."  *See Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986).  The approval of such compromise is within the sound discretion of the Court and is to be determined by the particular circumstances of each case, but the Court need not conduct an exhaustive investigation into the validity of the claims to be compromised nor is the court expected to conduct a mini-trial on the merits.  *See United States of America v. Alaska National Bank of the North (In re Walsh Construction, Inc.)*, 699 F.2d 1325, 1328 (9th Cir. 1982).

In determining the acceptability of a proposed compromise, the following four factors should be considered:

(a)    The probability of success in the litigation;
(b)    The difficulties, if any, to be encountered in the matters of collections;
(c)    The complexity of the litigation; the expense, inconvenience and delay necessarily attending it; and
(d)    The paramount interest of the creditors and the proper deference to their reasonable views.

*See A&C Properties*, *supra* at 1381.

This Court is not required to decide the questions of law and fact in dispute, but instead to canvass the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." *See In re Solafide, Inc.*, 2008 WL 4362439, *1 (C.D. Cal. 2008) (quoting *Anaconda-Ericsson Inc. (In re Teletronics Services, Inc.)*, 762 F.2d 185, 189 (2d. Cir. 1985)). When applying the above standards, and "[i]n passing upon the proposed settlement, the Court must consider the principle that law favors compromise over continued litigation. *See A&C Properties, supra* at 1381; *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1876).

Chapter 7 trustees are generally and properly given broad discretion in deciding how to perform the myriad of duties accorded by the Bankruptcy Code – including the discretion to negotiate settlements and compromises of disputes. *In re Marples*, 266 B.R. 202 (Bankr. D. Idaho 2001).   As such, the compromise approval process does not contemplate that a bankruptcy court will substitute its business judgment for that of a trustee. *Goodwin v. Mickey Thompson Entm't Grp., Inc. (In re Mickey Thompson Entm't Grp., Inc.)*, 292 B.R. 415, 420 (9th Cir. BAP 2003).   To the contrary, a settlement which has been negotiated by a trustee, as representative of the estate, is entitled to deference. *See In re Morrison*, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) (objecting creditors may not substitute their judgment for that of the trustee).   Generally, a compromise should be approved if it is "fair and equitable" and "in the best interests of the estate." *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re Schmitt*, 215 B.R. 417, 424 (9th Cir. 1997).

**B.**    **The Court Should Grant the Motion Because the Second Stipulation Is Appropriate and in the Best Interest of the Estate.**

The Trustee respectfully submits that the Second Stipulation is within the "range of reasonableness" required by the Ninth Circuit.  The Second Stipulation benefits the Bankruptcy

1  Estate by ensuring access to relevant information that the Receiver has or obtains concerning the

2  Debtor that will assist the Trustee and his professionals' efforts to recover or collect the Debtor's

3  assets, including accounts receivables.  The Second Stipulation also saves the Bankruptcy Estate

4  from having to expend time and incur fees to seek disallowance of the Receiver's Claim No. 3-1

5  as a duplicate claim.  In exchange, the Trustee agrees to withdraw the Bankruptcy Estate's claim

6  reserving its rights against the receivership estate.   The Trustee believes withdrawing the

7  Reservation Claim pursuant to the Second Stipulation is appropriate given the Receiver's

8  agreement to fund and assist the Trustee's efforts to recover on the Debtor's accounts receivables.

9       As any action to obtain information from the Receiver or disallow the Receiver's Claim

10  No. 3-1 would incur attorneys' fees at the expense of the Bankruptcy Estate and its creditors, the

11  largest of which is DLI Fund, the Trustee believes the Second Stipulation is fair and equitable and

12  in the best interest of the Estate.

13                                        **IV.**

14                                  **CONCLUSION**

15       **WHEREFORE**, based on the foregoing, the Trustee respectfully requests that this Court

16  enter an order (i) granting the Motion and approving the Second Stipulation attached hereto as

17  **Exhibit A**; (ii) authorizing the Trustee to execute any and all documents necessary to effectuate

18  the Second Stipulation; and (iii) granting such other and further relief as this Court deems just and

19  appropriate.

20

21  Dated: September 29, 2020                    **ARENT FOX LLP**

22

23                                  By: */s/ Annie Y. Stoops*
                                        Annie Y. Stoops
24                                      Attorneys for Chapter 7 Trustee

25

26

27

28

## DECLARATION OF TIMOTHY J. YOO

I, Timothy J. Yoo, declare as follows:

1.    I am the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the above-captioned chapter 7 bankruptcy estate of VoIP Guardian Partners I, LLC and am over 18 years of age.  I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto.

2.    I submit this declaration in support of the foregoing *Motion to Approve Second Stipulation Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP* (the "Motion").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.    The factual allegations in support of the Motion are set forth in Section II of the foregoing Motion. I have reviewed and discussed these facts with my counsel and based upon such review and discussion, believe them to be true and correct to the best of my knowledge, information, and belief.

4.    Attached hereto as **Exhibit A** is a true and correct copy of the Second Stipulation.

5.    Based upon the circumstances, I believe that it is in the best interest of the estate to enter into the Second Stipulation.

6.    I believe the Second Stipulation benefits the Bankruptcy Estate by ensuring access to relevant information that the Receiver has or obtains concerning the Debtor that will assist the Trustee and his professionals' efforts to recover or collect the Debtor's assets, including accounts receivables.  In addition, the Second Stipulation saves the Bankruptcy Estate from having to expend time and incur fees to seek disallowance of the Receiver's Claim No. 3-1 as a duplicate claim.  I believe withdrawing the Reservation Claim pursuant to the Second Stipulation is appropriate given the Receiver's agreement to fund and assist the Trustee's efforts to recover on the Debtor's accounts receivables.

///

///

///

1    7.    As any action to obtain information from the Receiver or disallow the Receiver's

2  Claim No. 3-1 would incur attorneys' fees at the expense of the Bankruptcy Estate and its

3  creditors, the largest of which is the Receiver, I believe the Second Stipulation is fair and

4  equitable and in the best interest of the Estate.

5    I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7    Executed this 25 day of September, 2020, at Los Angeles, California.

8

9                                        Timothy J. Yoo

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22908303.1

EXHIBIT A

Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
Annie Y. Stoops (SBN 286325)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:     213.629.7400
Facsimile:     213.629.7401
Email:     aram.ordubegian@arentfox.com
               andy.kong@arentfox.com
               annie.stoops@arentfox.com

Attorneys for Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**VOIP GUARDIAN PARTNERS I, LLC,**<br><br>Debtor. | Case No. 2:19-bk-12607-BR<br><br>Chapter 7<br><br>**SECOND STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND RECEIVER FOR THE ESTATE OF DIRECT LENDING INCOME FUND LP** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

This Stipulation is entered into by and between Timothy J. Yoo, the chapter 7 trustee (the "Trustee") of the estate (the "Bankruptcy Estate") of the above-captioned debtor (the "Debtor") on the one hand, and Bradley D. Sharp, the permanent receiver (the "Receiver") for the estate of Direct Lending Income Fund LP ("DLI Fund" and together with the Trustee, collectively referred to as the "Parties"), on the other hand, with reference to the following facts:

## **RECITALS**

1.     On March 11, 2019, the Debtor filed the above-captioned chapter 7 case in the United States Bankruptcy Court, Central District of California (Bankr. Case No. 2:19-bk-12607-BR) ("Bankruptcy Case").

2.     On March 22, 2019, the SEC initiated an action in the United States District Court, Central District of California against Direct Lending Investments, LLC for alleged violations of the federal securities laws, among other reasons (Case No. 2:19-cv-2188) ("Receivership Action").

3.     In connection with the Receivership Action, Bradley D. Sharp was appointed as the permanent receiver over the estate of DLI Fund and affiliated entities, Direct Lending Investments, LLC, Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC (the "Receivership Estate").

4.     On July 26, 2019, DLI Fund filed duplicate proofs of claim, identified as Claim No. 3-1 and Claim No. 4-1.  Both claims assert the same secured claim against the Bankruptcy Estate in the amount of $203,459,871.69.

5.     As the Bankruptcy Estate's largest secured creditor, DLI Fund shares a common interest with the Trustee to prosecute and/or collect on the Debtor's account receivables and all other assets for the benefit of DLI Fund and the rest of the Bankruptcy Estate's creditors.   In furtherance thereof, the Parties entered into that certain *Common Interest and Confidentiality Agreement*, dated June 10, 2019.

6.     On or around August 13, 2019, the Trustee and the Receiver entered into the *Stipulation Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP for Allowance of Claim and Payment of the Estate's Administrative Fees and Expenses and Unsecured Claims from Secured Collateral* ("First Stipulation"), wherein the Receiver agreed that the Bankruptcy Estate's administrative expenses and thirty percent (30%) of allowed claims of unsecured creditors shall be paid from the proceeds of DLI Fund's Collateral[1] and the Trustee agreed that DLI Fund shall have an allowed secured claim in the amount of

---

[1] The term "Collateral" is defined to mean the assets, personal property, and monies described as collateral in Section 4 of the UCC Financing Statement attached as Exhibit 7 to Claim No. 4-1.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22761265.2

$203,459,871.69 as Claim No. 4-1.  The First Stipulation was approved by court order entered on October 28, 2019 [Dkt. No. 25].

7.      On April 21, 2020, the Court entered an order approving the employment of the law firm Brutzkus Gubner as the Trustee's special litigation counsel to investigate and pursue litigation claims against professionals previously employed by the Debtor on a contingency fee basis [Dkt. No. 41].  The Trustee and Brutzkus Gubner agreed to expand the scope of the firm's employment to include investigation and pursuit of any adversary actions to recover monies on account of fraudulent or preferential transfers and collections of the Debtor's accounts receivables.  On September 1, 2020, the firm filed an amended employment application seeking the Court's approval for the expanded scope of employment [Dkt. No. 76].

8.      The deadline to file claims in the Receivership Action was July 7, 2020. Accordingly, on July 6, 2020, the Trustee out of an abundance of caution filed a proof of claim in the Receivership Action that served to, *inter alia*, reserve the Bankruptcy Estate's right to assert a claim for payment against the Receivership Estate pending conclusion of the Trustee's investigation into the Debtor's financial affairs ("Reservation Claim").

9.      After extended discussions between the Parties, the Trustee agrees to withdraw the Reservation Claim filed in the Receivership Action in exchange for the following consideration: (a) the Receiver agrees to share any and all non-privileged information, documents, reports, analyses and findings the Receivership Estate has or will have concerning the Debtor's factoring arrangements to assist the Bankruptcy Estate with its efforts to recover or collect the Debtor's assets, including accounts receivables, and (b) the Receiver agrees to withdraw Claim No. 3-1 filed in the Bankruptcy Case as a duplicate of its allowed Claim No. 4-1.

**NOW, THEREFORE,** based upon the foregoing Recitals, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties hereby agree and stipulate through their attorneys of record as follows:

A.      The Receiver shall share any and all non-privileged information, documents, reports, analyses and findings the Receivership Estate has or will have concerning the Debtor's factoring arrangements to assist the Bankruptcy Estate with its prosecution or collection of the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

AFDOCS/22761265.2

12

1  Debtor's assets, including account receivables.

2     B.    The Trustee's Reservation Claim filed in the Receivership Action shall be deemed

3  withdrawn.

4     C.    The Receiver's Claim No. 3-1 filed in the Bankruptcy Case shall be deemed

5  withdrawn as a duplicate of DLI Fund's allowed Claim No. 4-1.

6     D.    The Trustee and the Receiver may out of an abundance of caution file a motion or

7  notice in accordance with applicable court procedures to respectively withdraw the Reservation

8  Claim from the Receivership Action and Claim No. 3-1 from the Bankruptcy Case.

9     E.    The First Stipulation and the agreed-upon terms therein shall remain in full effect.

10
Dated: September __, 2020
11

12
                                    By: _____
13                                       TIMOTHY J. YOO
                                         Chapter 7 Trustee of the Estate of VOIP Guardian
14                                       Partners I, LLC

15
Dated: September 22, 2020
16

17
                                    By: _____
18                                       BRADLEY D. SHARP
                                         Permanent Receiver of the Estate of Direct Lending
19                                       Investments, LLC, Direct Lending Income Fund,
                                         L.P., Direct Lending Income Feeder Fund, Ltd.,
20                                       DLI Capital, Inc., DLI Lending Agent, LLC, and
                                         DLI Assets Bravo, LLC
21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                       - 4 -

AFDOCS/22761265.2

13

1   Debtor's assets, including account receivables.

2         B.     The Trustee's Reservation Claim filed in the Receivership Action shall be deemed

3   withdrawn.

4         C.     The Receiver's Claim No. 3-1 filed in the Bankruptcy Case shall be deemed

5   withdrawn as a duplicate of DLI Fund's allowed Claim No. 4-1.

6         D.     The Trustee and the Receiver may out of an abundance of caution file a motion or

7   notice in accordance with applicable court procedures to respectively withdraw the Reservation

8   Claim from the Receivership Action and Claim No. 3-1 from the Bankruptcy Case.

9         E.     The First Stipulation and the agreed-upon terms therein shall remain in full effect.

Dated: September ___ 2020

By: _____
    TIMOTHY J. YOO
    Chapter 7 Trustee of the Estate of VOIP Guardian
    Partners I, LLC

Dated: September __, 2020

By: _____
    BRADLEY D. SHARP
    Permanent Receiver of the Estate of Direct Lending
    Investments, LLC, Direct Lending Income Fund,
    L.P., Direct Lending Income Feeder Fund, Ltd.,
    DLI Capital, Inc., DLI Lending Agent, LLC, and
    DLI Assets Bravo, LLC

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

AFDOCS/22761265.2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE SECOND STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND RECEIVER FOR THE ESTATE OF DIRECT LENDING INCOME FUND LP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIMOTHY J. YOO IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/29/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:   On (*date*) **09/29/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE**

Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/29/2020 | AYLIN SOOKASSIANS | */s/ Aylin Sookassians* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/22722575.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Jessica L Bagdanov on behalf of Trustee Timothy Yoo (TR)
jbagdanov@bg.law, ecf@bg.law

Steven T Gubner on behalf of Trustee Timothy Yoo (TR)
sgubner@bg.law, ecf@bg.law

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

Jason B Komorsky on behalf of Trustee Timothy Yoo (TR)
ecf@bg.law, jkomorsky@bg.law

Andy Kong on behalf of Trustee Timothy Yoo (TR)
Kong.Andy@ArentFox.com

Ian Landsberg on behalf of Other Professional Rodney Omanoff
ilandsberg@sklarkirsh.com,
lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@skl
arkirsh.com

Avi Edward Muhtar on behalf of Interested Party DealDefenders LLC
aviram@muhtarlaw.com, amuhtar@ecf.inforuptcy.com

Douglas M Neistat on behalf of Interested Party Douglas Neistat
dneistat@gblawllp.com, mramos@gblawllp.com

Aram Ordubegian on behalf of Trustee Timothy Yoo (TR)
ordubegian.aram@arentfox.com

Annie Y Stoops on behalf of Trustee Timothy Yoo (TR)
annie.stoops@arentfox.com, yvonne.li@arentfox.com

Christopher D Sullivan on behalf of Other Professional Bradley D. Sharp
csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shann
on@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Timothy Yoo (TR)
tjytrustee@lnbyb.com, tjy@trustesolutions.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

AFDOCS/22722575.1

**F 9013-3.1.PROOF.SERVICE**